**UNITED STATES of America, Appellee,**

v.

**Michael BAILEY, Appellant.**

**No. 91–1705.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 7, 1992.

Decided Jan. 23, 1992.

See also 750 F.Supp. 413.

Frank Duncan, Los Angeles, Cal., argued, for appellant.

Marietta Parker, Kansas City, Mo., argued, for appellee.

Before ARNOLD, Chief Judge, McMILLIAN and HANSEN, Circuit Judges.

ARNOLD, Chief Judge.

Michael Bailey has been convicted of possession of 50 grams or more of cocaine base with intent to distribute it, in violation of 21 U.S.C. § 841(a), (b)(1)(A). The District Court[1] sentenced him to 24 years and four months (292 months) in prison, to be followed by supervised release for five years. A special assessment of $50.00 was also imposed. Bailey makes two arguments on appeal, neither of which has merit.

First, Bailey objects to the District Court's giving an instruction on "conscious avoidance" or "deliberate ignorance." The instruction informed the jury that they could convict Bailey if they found beyond a reasonable doubt that he "was aware of a

---

**1.** The Hon. D. Brook Bartlett, United States District Judge for the Western District of Missouri.

high probability that the package [in his possession] ... contained a controlled substance and that he deliberately avoided learning the truth. The element of knowledge is satisfied if defendant Michael Bailey deliberately closed his eyes to what would otherwise have been obvious to him." The instruction should be given, Bailey argues, only when a defendant claims ignorance as to an essential element of the crime. Here, Bailey does not say that he did not know what was in the package in question. He says that he did "know," but that his "knowledge" (he says he thought the package was counterfeit money, not drugs) turned out to be mistaken.

The import of this attempted distinction escapes us. An element of the crime is knowing possession of cocaine. Bailey claims he did not know the package he had in his possession contained cocaine. Common sense tells us this is a claim of ignorance. One who wrongly believes that a package contains counterfeit money (when it really contains drugs), is just as ignorant of its contents as one who says he has no idea what is in the package.

Bailey also says that there is no evidence to support a deliberate-ignorance instruction, no evidence that he consciously avoided learning the truth about the package. We disagree. Bailey says he thought the package contained counterfeit money because he knew that the person who handed the package to him had been involved in counterfeiting. This person, according to Bailey, described the package in question as counterfeit money. Bailey says it was reasonable for him to think that this was an accurate description of the package. As the government points out, however, it was obvious that the package contained large, hard objects, hardly similar to stacks of currency. Other evidence indicated that the package was suspicious and, in all likelihood, illegal. Bailey could easily have determined its contents by a cursory investigation. The jury was entitled to believe that he deliberately avoided informing himself about the contents, preferring instead the unreasonable claim that he thought it contained counterfeit bills. There was no error in the giving of the instruction in question.

■ Bailey also urges error in the computation of his sentence. He was on probation at the time of the commission of the instant offense. Under U.S.S.G. § 4A1.1(d), two criminal-history points are added "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Bailey was on probation at the time of the offense, all right, but the probation was unsupervised, and he claims that this circumstance makes improper the addition of the two points. If the points are added, Bailey is pushed into Criminal History Category III, with a Guideline range of 292 to 365 months. (The District Court sentenced Bailey at the very bottom of this range.) Without the two additional points, the range would have been 262 to 327 months. The sentence imposed, 292 months, is within the latter range, so the argument in question, even if Bailey should win it, might not do him any good. The issue is nevertheless properly before us, because, at least in theory, if Bailey prevails with respect to the two points, and the case is remanded to the District Court for resentencing, he could get a lesser sentence.

The contention, however, is without merit. Section 4A1.1(d) says simply "probation." It makes no distinction between supervised and unsupervised probation. We see nothing arbitrary in treating the two forms of probation alike for present purposes. The general principle here is that someone under a "criminal justice sentence" who commits a new offense is more to blame than someone not under such a sentence. Unsupervised probation, though it may mean that the sentencing court took a less severe view of the case than if supervised probation had been imposed, is still a "criminal justice sentence." The Sentencing Commission might have chosen to distinguish one form of probation from another, but there is nothing either in the statute or in the nature of things that compelled it to do so. The District Court

did not err in computing Bailey's Criminal History Category.

The conviction and sentence are affirmed.