**UNITED STATES COURT OF APPEALS**

**for the Fifth Circuit**

No. 92-4813

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

VERSUS

ALGEAN L. CALDWELL,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana

(February 25, 1993)

Before DUHÉ, and BARKSDALE, Circuit Judges, and TRIMBLE[1], District Judge.

**PER CURIAM:**

FACTS AND PROCEEDINGS

Law enforcement officers arrested Algean Caldwell in a Monroe, Louisiana hotel room after he received a delivery of marijuana. The officers found a nine millimeter pistol in his hotel room. Caldwell was indicted for conspiracy to distribute marijuana, intentional distribution and possession of the drug, and possession of a firearm during and in relation to a drug trafficking crime. Caldwell later pled guilty to possession with intent to distribute, 21 U.S.C. §841(a)(1), and to the firearms violation, 18 U.S.C. §924(c).[2]

The lower court accepted Caldwell's guilty plea and imposed sentence. The sentencing guidelines, as indicated in the presentence report ("PSR"), called for a 51 to 60 month sentence on the drug offense. Violation of 18 U.S.C. §924(c) requires a mandatory five year sentence, which cannot run concurrently with a sentence imposed for the underlying offense. Thus, the guidelines and §924(c) required that Caldwell receive a minimum sentence of 111 months (60 months mandatory for §924(c) and 51 months minimum for the drug offense).

---

[1]District Judge of the Western District of Louisiana, sitting by designation.

[2]18 U.S.C. §924(c)(1) states, in pertinent part, "[w]hoever, during and in relation to any crime of violence or drug trafficking crime. . ., uses or carries a firearm. . ." shall be sentenced to five years imprisonment.

The sentencing court departed downward in sentencing Caldwell: "[b]ecause the possession of a firearm played a minimal role in defendant's offense conduct, it is the finding of the court that the mandatory five (5) years consecutive sentence on [the §924(c) violation] subjects defendant to an unduly severe overall sentence." The court further stated that the minimum sentence indicated by the guidelines and §924(c) was too severe since the gun did not play an "integral role" in the drug offense. As the court was unable to deviate from the five year mandatory sentence required by §924(c), it had to depart downward from the sentencing guidelines specified for the underlying drug offense to achieve any reduction in sentence. Accordingly, the court departed downward from the minimum sentence required by the sentencing guidelines and sentenced Caldwell to serve only thirty months on the underlying drug offense. The thirty month sentence represented (at a minimum) twenty-one months less than that called for by the guidelines. The government, contesting the legality of the departure, appealed.

## DISCUSSION

Standard of Review

We review guidelines-mandated sentences to see (1) if the court imposed a sentence in violation of law, (2) if the sentence was the result of an incorrect application of the guidelines, or (3) if the sentence was outside the applicable guideline range and is unreasonable. 18 U.S.C. §3742(e); *Williams v. United States*, 112 S.Ct. 1112, 1118, (1992); *cf. United States v. Webb*, 950 F.2d 226, 231 (5th Cir. 1991), (In reviewing a departure from the guidelines, an appellate court must determine two issues: 1) was the departure based on acceptable reasons, and 2) was it a reasonable departure),[3] *cert. denied*, 112 S.Ct. 2316, (1992). We review the findings of fact made by the district court in reaching the sentencing decision under the clearly erroneous standard. 18

---

[3]The standard announced by the Supreme Court in *Williams* does not conflict with our precedent found in *Webb*. The two-step *Webb* inquiry (reasonableness of the court's decision to depart based on reasons given, and the reasonableness of the departure), was similar to the analysis urged by the dissent in *Williams*. *See Williams*, 112 S.Ct. at 1119 n.2. The *Williams*' Court reconciled these positions:

> Thus, the dissent would appear to agree that an appellate court can review the validity of a district court's reasons for departure. . . it simply considers that inquiry to go to the "reasonableness" of the decision to depart rather than to the correct application of the Guidelines.

2

U.S.C. §3742(e). Additionally, we note that a district court's interpretation of the guidelines is reviewed *de novo*. *United States v. White*, 945 F.2d 100 (5th Cir. 1991).

Law and Analysis

Initially, this court notes that a firearm need not play an "integral role" to violate §924(c). Indeed, a defendant can violate §924 where the weapon could have been used to protect, facilitate, or have the potential to facilitate drug trafficking. *See United States v. Pigrum*, 922 F.2d 249, 254 (5th Cir.), *cert. denied*, 111 S.Ct. 2064, (1991); *United States v. Molinar-Apodaca*, 889 F.2d 1417, 1424 (5th Cir. 1989). Congress has made no exception for situations in which the firearm was used but not "integral" to the offense. *See United States v. Beverly*, 921 F.2d 559, 562 (5th Cir.), *cert. denied*, 111 S.Ct. 2869, (1991).

More to the point, in this case the Sentencing Guidelines permit a district court to depart from the guidelines if it finds an aggravating or mitigating circumstance that was not adequately taken into consideration by the Sentencing Commission in formulating the sentencing guidelines or if it finds "unusual circumstances" that render the guideline level attached to a specific factor inadequate. U.S.S.G. §5K2.0, 18 U.S.C. §3553(b). The district court departed from the sentencing guidelines because of concern that the guidelines did not adequately take into account the interplay of §924(c)'s five year mandatory minimum sentence with the sentence to be imposed for the underlying drug offense. The district court felt that had it not departed, it would have been required to impose an unduly harsh sentence. The district court incorrectly departed in this case.

The sentencing guidelines do consider the interplay of §924(c) and themselves. Both the Sixth and Eighth Circuits have addressed this issue, and this court finds their reasoning persuasive. *See United States v. Dumas*, 921 F.2d 650 (6th Cir. 1990), *cert. denied*, 111 S.Ct. 2034, (1991); *United States v. Foote*, 898 F.2d 659, 666, (8th Cir.), *cert. denied*, 111 S.Ct. 112, (1990). The Application Notes to U.S.S.G. §2K2.4, (the guideline provision dealing with convictions under 18 U.S.C. §924(c)), clearly evince that the Sentencing Commission did think through the effects of a §924(c) five year mandatory sentence. Note two (2) informs us that a §924(c) sentence precludes additional enhancement for an offense specific characteristic for possessing or using a weapon. (e.g. the present case -- Caldwell's sentence could have been enhanced under U.S.S.G. §2D1.11(b)(1) (possession of dangerous weapon, increase by 2 levels)). Because the court sentenced Caldwell

3

under U.S.S.G. §2K2.4, it gave no additional enhancement for his possession of the weapon. Further, Application Note 2 contains an equation to determine the sentence for a defendant convicted of both a §924(c) firearm offense and an underlying criminal offense. *See* U.S.S.G. §2K2.4, comment. (n.2).

It is an incorrect application of the Sentencing Guidelines for a district court to depart from the applicable sentencing range based on a factor that the Sentencing Commission has already fully considered in establishing the guideline range. *Williams, supra* at 112 S.Ct. 1118-1119. The district court lacked authority to deviate downward from the guidelines in this case. It is the order of the court that the sentence is vacated and the case is remanded to the district court for further proceedings consistent with this opinion.