29 F.3d 627
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Michael BAILEY, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-1195.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 13, 1994.
Filed: July 21, 1994.
 
 Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael Bailey appeals from a final order entered in the United States District Court[1] for the Western District of Missouri, denying his 28 U.S.C. Sec. 2255 motion to vacate his sentence. For the reasons discussed below, we affirm.
 
 
 2
 A jury convicted Michael Bailey, as an aider or abettor, of possessing with intent to distribute crack cocaine in violation of 21 U.S.C. Sec. 841(a) and (b)(1)(A) (1988 & Supp. III 1991), and 18 U.S.C. Sec. 2 (1988). The district court sentenced him to 292 months imprisonment, five years supervised release, and a $50 special assessment. His conviction was affirmed on appeal. United States v. Bailey, 955 F.2d 28 (8th Cir. 1992).
 
 
 3
 Bailey filed this Sec. 2255 motion claiming that the indictment was insufficient because it failed to allege that aiding and abetting was a specific intent crime, that the district court failed to instruct the jury on specific intent, that counsel was ineffective for not challenging the indictment and objecting to the absence of the jury instruction, and that there was insufficient evidence to convict on aiding and abetting.
 
 
 4
 The district court noted that Bailey's claims, except his ineffective assistance claim, should have been raised on direct appeal. Accordingly, the district court considered the merits of Bailey's claims only in relation to the ineffective assistance claim and concluded that the indictment and the jury instruction on aiding and abetting were sufficient, that counsel was not ineffective for failing to assert the issues at trial, and that there was ample evidence to support the verdict.
 
 
 5
 Generally, an indictment which sets forth the words of the statute itself is sufficient, as long as those words fairly inform the defendant of the elements necessary to constitute the offense charged. United States v. Powell, 701 F.2d 70, 73 (8th Cir. 1983). The aiding and abetting statute does not create a separate offense; it merely makes those who aid and abet in a crime punishable as principals. 18 U.S.C. Sec. 2; United States v. McKnight, 799 F.2d 443, 445 (8th Cir. 1986). Bailey does not contend that the indictment was deficient as to the substantive offense. We hold that the indictment, which set forth the elements of the substantive offense and specifically cited the aiding and abetting statute, was sufficient to inform him of the elements of the offense charged. See Hamling v. United States, 418 U.S. 87, 117 (1974).
 
 
 6
 We also hold that the jury instruction adequately set forth the requisite intent for aiding and abetting. To prove aiding and abetting, the government must prove the defendant had a "purposeful attitude" or knowingly participated in the activity. See United States v. Ivey, 915 F.2d 380, 384 (8th Cir. 1990); United States v. Roan Eagle, 867 F.2d 436, 445 (8th Cir.), cert. denied, 490 U.S. 1028 (1989). The jury instruction here provided that the jury could convict Bailey only if it found that he knew the crime of possession with intent to distribute was being committed and that he "intentionally acted in some way to aid the commission of the crime." In addition, the jury was told that, for Bailey to have acted knowingly and intentionally, the law requires that he "realized what he was doing and did not act through ignorance, mistake or accident." This language accurately and adequately states the relevant law. We agree with the district court that, because Bailey's underlying claims fail, he cannot establish that he was prejudiced by his counsel's failure to assert these claims in the district court.
 
 
 7
 Finally, Bailey cannot challenge the sufficiency of the evidence for the first time in a Sec. 2255 motion. See United States v. Samuelson, 722 F.2d 425, 427 (8th Cir. 1983) (per curiam) (matters which could have been raised on direct appeal, but were not, will not be considered under 28 U.S.C. Sec. 2255). To the extent that Bailey asserts his counsel was ineffective for not filing a motion for acquittal under Fed. R. Crim. P. 29(c), based on insufficient evidence, the claim is without merit.
 
 
 
 [1]
 The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri