In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 06-1121

UNITED STATES OF AMERICA,

*Plaintiff-Appellant*,

*v.*

GARY ROBERSON,

*Defendant-Appellee*.

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 CR 855-4—**Joan B. Gottschall**, *Judge*.

———————

ARGUED NOVEMBER 7, 2006—DECIDED JANUARY 17, 2007

———————


Before EASTERBROOK, *Chief Judge*, and POSNER and WOOD, *Circuit Judges*.

POSNER, *Circuit Judge*.  The defendant, with three accomplices, committed an armed bank robbery, netting $133,000, of which the defendant's share was $50,000. He was charged with both bank robbery, 18 U.S.C. §§ 2113(a), (d), and using a firearm in a crime of violence (which bank robbery is). 18 U.S.C. § 924(c)(1)(A). It is unclear, but also irrelevant, whether he was carrying a gun. One of his accomplices brandished a gun, and a defendant is liable for the reasonably foreseeable crimes committed by his accomplices in the course of the conspiracy, *Pinkerton v.*

*United States*, 328 U.S. 640, 646-48 (1946); *United States v. McLee*, 436 F.3d 751, 758 (7th Cir. 2006); *United States v. Rawlings*, 341 F.3d 657, 660 (7th Cir. 2003), whether or not a conspiracy is charged. *United States v. Chairez*, 33 F.3d 823, 827 (7th Cir. 1994); *United States v. Lopez*, 271 F.3d 472, 480-81 (3d Cir. 2001).

The defendant pleaded guilty to both crimes. The district judge sentenced him to one month in prison for the bank robbery and 84 months, to run consecutively to the robbery sentence, for the gun offense. Eighty-four months is the minimum sentence for the section 924(c)(1)(A) offense if the gun is "brandished," § 924(c)(1)(A)(ii), and a section 924(c)(1) sentence cannot be made to run concurrently with any other sentence. § 924(c)(1)(D).

The government appeals, challenging the total sentence of 85 months as unreasonably low. The minimum guidelines sentence for a bank robbery that does not involve the use of a gun is 46 months, and when the consecutive 84-month sentence required by section 924(c)(1) is tacked on to the minimum guidelines sentence, the total is 130 months.

The judge based the sentence on a disagreement with Congress: "I find a 130 month sentence unreasonable on the facts of this case and contrary to the purposes of sentencing under §3553. Because I have no power to adjust the 84 month consecutive sentence, I have no alternative but to adjust the 46 month guideline part of the sentence so that the sentence, as a whole, is reasonable." Were it not for section 924(c)(1), the guidelines range for the defendant's crime would have been 78 to 97 months; the sentence that the judge imposed was within that range. With section 924(c)(1) in the picture, the guidelines range is initially 46 to 57 months, the range for bank robbery

without use of a gun (78 to 97 months is the range for a bank robbery that does involve the use of a gun, if the government does not charge a violation of section 924(c)(1)). But 84 months must be added when there is a conviction under that section as well, and the effect is to increase the sentencing range for defendant Roberson from 46 to 57 months to 130 to 141 months.

The judge thought that automatically adding 84 months to the sentence for the bank robbery in which the gun was used unreasonably limited her discretion. She is of course entitled to her view, but she is not entitled to override Congress's contrary view. The Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which made the sentencing guidelines advisory, did not authorize district judges to ignore statutory sentencing ranges. *United States v. Cannon*, 429 F.3d 1158, 1161 (7th Cir. 2005); *United States v. Eura*, 440 F.3d 625, 633 (4th Cir. 2006). That would be obvious had the government asked the district judge to impose a sentence of 30 years on the bank-robbery count, when the statutory maximum is only 25 years. It would be obvious had the defendant asked the judge to sentence him to 34 months on the section 924(c)(1) charge, when the statutory minimum is 84 months. But that is in effect what the judge did. For the approximate midpoint of the bank robbery guidelines range, 51 months, is only 34 months short of the sentence she imposed.

The judge may have been misled by the fact that the standard for appellate review of sentences under the regime of *Booker* is reasonableness. A sentence could be "reasonable" in a layman's sense even though it was outside the statutory sentencing range. But it would not be reasonable in a legal sense. *Booker* confers no authority on judges to disregard statutes.

A further justification that the judge offered for the sentence she imposed was that the government should not have charged a violation of section 924(c)(1). The judge regarded that as overkill. She thus was criticizing the government for how it had exercised its prosecutorial discretion. The judiciary has no authority to second-guess the government's choice of which crimes to charge, *United States v. LaBonte*, 520 U.S. 751, 761-62 (1997); *United States v. Wicks*, 132 F.3d 383, 389-90 (7th Cir. 1997), unless the choice is based on an invidious ground, *United States v. Armstrong*, 517 U.S. 456, 464-65 (1996), which is not suggested.

So the judge should have picked a sentence for the bank robbery without regard for the fact that a gun had been used in it, and then tacked on 84 months. Although that is not how she proceeded, she did think there were mitigating factors that entitled her to reduce the sentence for bank robbery below the guidelines range (for gun-less bank robberies) of 46 to 57 months. But could she reasonably have believed, had section 924(c)(1) not been in the picture, that a sentence of only one month would be reasonable? Not that she did believe that. It was the mandatory minimum sentence in section 924(c)(1) that caused her to make so drastic a reduction of a normal sentence for bank robbery.

*Booker* requires the sentencing judge to begin the sentencing process by determining the applicable guidelines range, but permits her, so long as she does not stray outside the statutory sentencing range, to sentence the defendant below or above the guidelines range if the sentencing factors in the Sentencing Reform Act, 18 U.S.C. § 3553(a), warrant, and we must uphold such a sentence as long as it is reasonable. As there is no statutory mini-

mum for bank robbery, it is conceivable that a one-month sentence would be reasonable, but it would have to be an extraordinary case. Extraordinary not only because such a sentence would be so far below the guidelines range, but also because, the guidelines to one side (for they are, after all, just advisory now), bank robbery is a very serious crime. The defendant was an adult, was *compos mentis*, stole an unusually large amount of money for a bank robbery, was a gang member who refused to cooperate with the police out of loyalty to the gang, and was on probation for an attempted armed robbery when he committed the bank robbery. One might have expected these factors to push his sentence to the top of the guidelines range or even above it, and certainly to exclude the possibility that a one-month sentence would be reasonable. As the judge remarked, beginning when he was 18 the defendant "became something of a one man crime wave."

Although our review of a sentence that is within the statutory range is deferential, it is not abject; and in this case the unreasonableness of the judge's one-month sentence for the bank robbery is palpable. Some of the factors on which she relied (apart from her disagreement with Congress and with the government's charging decision) cannot be tied to the sentencing factors in section 3553(a), which are to guide the sentencing judge under the *Booker* regime. *United States v. Booker*, *supra*, 543 U.S. at 259-61; *United States v. Miller*, 450 F.3d 270, 275 (7th Cir. 2006); *United States v. Arevalo-Juarez*, 464 F.3d 1246, 1249-51 (11th Cir. 2006). These include the "hopeful signs" (in her words) that the defendant "voluntarily" disclosed to the officers who arrested him for attempted armed robbery that he had a gun—but the officers were about to search him—and that he turned himself in for the

bank robbery—but the FBI had already arrested one of his accomplices and the defendant refused to cooperate when he was arrested or to reveal where he had stashed his share of the proceeds of the robbery. Other factors on which the judge relied, such as that the defendant was only 19 when he committed the robbery, that he had been a good student in elementary school, and that he had a supportive family, were, though meager, admissible as evidence that he might have a better chance of going straight than other bank robbers. But the second and third factors were two-edged. Had the defendant been a very poor student and come from a broken home, these would have been argued as mitigating factors. The better off a defendant is, the better chance he has to go straight when he is released from prison—but the more inexcusable his criminal conduct. See *Harris v. Cockrell*, 313 F.3d 238, 244 (5th Cir. 2002); *Faulder v. Johnson*, 81 F.3d 515, 519 (5th Cir. 1996); cf. *In re Andrews*, 52 P.3d 656, 669-70 (Cal. 2002). Still another factor considered by the judge was completely speculative: that if the defendant was imprisoned for most of his 20s (he was 21 when sentenced), it would preclude his rehabilitation when he was released.

So not only are the factors on which the district judge was entitled to rely too attenuated to justify a one-month sentence for a major bank robbery, but they were not weighed in a reasonable manner. The judge failed to consider their equivocal character—how they increased the defendant's culpability at the same time that they improved his prospects for rehabilitation—or to compare them with the aggravating factors, such as the fact that the defendant was on probation when he committed the crime, the size of the haul, and his lack of cooperation

with the police. *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006); *United States v. Fuentes*, 107 F.3d 1515, 1523-24 (11th Cir. 1997); *United States v. Bailey*, 955 F.2d 28, 29 (8th Cir. 1992). An exercise of discretion, in sentencing as in other settings, cannot be affirmed when the judge fails to consider and weigh the factors that bear on its exercise. As we said in another sentencing case, "Whenever a district judge is required to make a discretionary ruling that is subject to appellate review, we have to satisfy ourselves, before we can conclude that the judge did not abuse his discretion, that he exercised his discretion, that is, that he considered the factors relevant to that exercise." *United States v. Cunningham*, 429 F.3d 673, 679(7th Cir. 2005); see also *United States v. Jackson*, 467 F.3d 834, 841 (3d Cir. 2006).

It remains to consider whether a sentencing judge can give *any* weight (clearly she gave too much weight) to the aggregate sentence produced when the minimum 84-month sentence specified in section 924(c)(1)(A)(ii) is tacked on to the guidelines sentence for the underlying crime. The district judge was correct that there are two statutes in play and that they are not completely harmonious. The Sentencing Reform Act requires consideration of a range of factors with no particular weight given to each, while section 924(c)(1) specifies minimum sentences regardless of any other factors bearing on the appropriateness of a sentence, including the length of the sentence that the specified minimum sentence is to be added on to. But to use the presence of a section 924(c)(1) add-on to reduce the defendant's sentence for the underlying crime would be inconsistent with Congress's determination to fix a minimum sentence for using a firearm in a crime of violence. If the judge reduces the defendant's

sentence on the underlying crime of violence from, say, 50 to 49 months *because* the defendant used a gun and therefore (if it was brandished) must be sentenced to 84 months on top of the sentence for the underlying crime, the effect is to reduce the statutory minimum sentence from 84 months to 83 months.

We acknowledge the tension with section 3553(a), but that very general statute cannot be understood to authorize courts to sentence below minimums specifically pre-scribed by Congress. *United States v. Gregg*, 451 F.3d 930, 937 (8th Cir. 2006); cf. U.S.S.G. § 5G1.2(a). That was the rule when the guidelines were mandatory, *United States v. Goines*, 357 F.3d 469, 471 (4th Cir. 2004); *United States v. Working*, 287 F.3d 801, 807 (9th Cir. 2002); *United States v. Winters*, 174 F.3d 478, 483-84 (5th Cir. 1999); *United States v. Caldwell*, 985 F.2d 763, 765-66 (5th Cir. 1993) (per curiam), and it was not changed by *Booker*. For in making the sentencing guidelines advisory, the Court did not authorize courts to sentence below the minimums prescribed not by the guidelines but by constitutional federal statutes. *United States v. Shelton*, 400 F.3d 1325, 1333 n. 10 (11th Cir. 2005). "*Booker* has nothing to do with minimum sentences." *United States v. Cannon*, *supra*, 429 F.3d at 1160. "The judiciary is not free to replace Congress's approach with one that it deems superior." *United States v. Miller*, *supra*, 450 F.3d at 275; see *United States v. Shelton*, *supra*, 400 F.3d at 1333 n. 10.

The district judge was therefore required to determine the proper sentence for the bank robbery entirely inde-pendently of the section 924(c)(1) add-on; and in light of the aggravating factors that we have discussed, a sen-tence below the minimum guidelines sentence for the

robbery in this case would be difficult, perhaps impossible, to justify as reasonable.

The judgment is reversed with instructions to the district judge to resentence the defendant in conformity with this opinion.

REVERSED AND REMANDED.

A true Copy:

　　　　Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*