**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 12, 2007
Decided June 27, 2007

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-3070

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 05 CR 729-1 |
| ALFONSO OCAMPO, *Defendant-Appellant.* | Milton I. Shadur *Judge.* |

**O R D E R**

Alfonso Ocampo pleaded guilty to one count of conspiracy to possess with the intent to distribute cocaine, 21 U.S.C. § 846, and received the mandatory minimum sentence of sixty months' imprisonment, followed by four years' supervised release. On appeal, Ocampo argues that the district court should have treated his criminal history score of four as merely advisory and sentenced him under the so-called "safety valve provision," 18 U.S.C. § 3553(f), the statute which permits below-mandatory minimum sentences when a criminal history score is not more than one. Because the district court did not have discretion to impose a sentence below the mandatory minimum where Ocampo's criminal history score exceeded one, we affirm.

In August 2005 Ocampo sold two kilograms of cocaine to a confidential police source and an undercover law enforcement agent. He was later indicted on one count of conspiring to possess with intent to distribute cocaine, 21 U.S.C. § 846, and one count of possessing with intent to distribute cocaine, *id.* § 841(a)(1). Ocampo pleaded guilty to the first count, and the government agreed to dismiss the second count.

Ocampo's presentence investigation report placed his base offense level at 26, *see* U.S.S.G. §§ 2D1.1(a)(3), 2D1.1(c)(7), and recommended a three-level reduction for acceptance of responsibility, *see id.* § 3E1.1, leading to a total offense level of 23. The PSR assigned one criminal history point for each of Ocampo's two prior convictions, one for driving under the influence of alcohol and one for driving on a suspended or revoked driver's license. *See id.* § 4A1.1(c). Two additional points were added to his criminal history score because he committed the drug offense while on supervision for these two earlier offenses. *See id.* § 4A1.1(d). Ocampo was therefore placed in criminal history category III. The guidelines sentencing range would normally be fifty-seven to seventy-one months' imprisonment for this combined offense level and criminal history, but Ocampo's PSR set the range at sixty to seventy-one months because of the mandatory minimum sentence of sixty months, *see* 21 U.S.C. § 841(b)(1)(B)(ii)(II).

At sentencing, Ocampo conceded that the PSR's calculations were accurate, but argued that even though he had not met the criminal history requirements for the safety valve provision, *see* 18 U.S.C. § 3553(f), U.S.S.G. § 5C1.2(a), the court should nevertheless impose a sentence below the mandatory minimum because he had *almost* met those requirements. For example, he asserted that because his suspended-license conviction was a misdemeanor under Illinois law, and carried a sentence of exactly one year (had it been one day shorter, it would not have counted toward his history score), the court had discretion not to assign—or to ignore—any criminal history points for that offense. Ocampo reasoned that because the safety valve eligibility depends on guideline-based criminal history scores, and because the guidelines themselves are advisory, the district court now has discretion to sentence below the mandatory minimum where he substantially met the safety valve provisions. Separately, Ocampo also contended that he had provided enough truthful information to the government to meet the requirements of § 3553(f)(5), even though the government believed he had not fully satisfied that provision.

The court rejected Ocampo's first argument on the grounds that § 3553(f) is a statutory provision that must be strictly followed and that the court does not have discretion to sentence below mandatory minimums. The court found that Ocampo did not qualify for the safety valve reduction because he had more than one criminal history point, *see* § 3553(f)(1), and therefore found it unnecessary to make a finding on the issue of providing truthful information to the government, *see* § 3553(f)(5).

On appeal Ocampo renews his argument that because *United States v. Booker*, 543 U.S. 220 (2005), makes the sentencing guidelines advisory, the district court had discretion to use the safety valve provision to sentence below the mandatory minimum even when his criminal history exceeded the requirements of § 3553(f)(1). Ocampo contends that if a district court determines that a defendant's criminal history "essentially meets the requirements of the safety valve provision," it may sentence him under that provision.

We review the district court's interpretation of the safety valve provisions de novo, *see United States v. Alvarado*, 326 F.3d 857, 860 (7th Cir. 2003). Before *Booker* was decided, we addressed a similar argument in *United States v. Vega-Montano*, 341 F.3d 615, 619-20 (7th Cir. 2003). There we held that the district court did not have discretion to sentence a defendant below the mandatory minimum even if it believed, as Ocampo does here, that the defendant's properly calculated criminal history overstated the seriousness of his record. Since the Supreme Court decided *Booker*, we have held that nothing in *Booker* gives a judge any discretion to disregard a mandatory minimum sentence because *Booker* rendered only the sentencing guidelines, not federal statutes, advisory. *See United States v. Roberson*, 474 F.3d 432, 436-37 (7th Cir. 2007); *United States v. Cannon*, 429 F.3d 1158, 1160-61 (7th Cir. 2005); *United States v. Duncan*, 413 F.3d 680, 683 (7th Cir. 2005); *United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005); *see also United States v. Jimenez*, 451 F.3d 97, 102 (2d Cir. 2006).

Ocampo insists that he is not arguing that the eligibility requirements of the safety value statute are now advisory. He claims that because the guideline sentences are advisory, criminal history points are advisory, too. Therefore, he believes, safety valve eligibility—which depends on "advisory" criminal history scores—is flexible. But criminal history points are not themselves advisory. Even after *Booker* courts must correctly calculate criminal history points. *See United States v. Stitman*, 472 F.3d 983, 989 (7th Cir. 2007) ("Moreover, nothing in *Booker* changed the way that criminal history is calculated under the Guidelines."). Although *guideline* sentences based on criminal history points are advisory, *statutory* sentences based on those points are not. *See Roberson*, 474 F.3d at 436-37. The reason is that under *Booker* judges themselves may still assess criminal history and issue sentences accordingly without violating the sixth amendment. *See Booker*, 543 U.S. at 264. Consequently, the district court did not have discretion to sentence below the mandatory minimum where Ocampo's criminal history score, it is conceded, did not meet the requirements of the only statute that would permit such a deviation. Other circuits considering this issue have similarly held that post-*Booker* the courts have no authority to treat criminal history points as advisory for the purpose of granting safety valve relief from a mandatory minimum sentence. *See United States v. Hernandez-Castro*, 473 F.3d 1004, 1006 (9th Cir. 2007); *United States v. McKoy*, 452 F.3d 234, 239 (3d Cir. 2006); *United*

*States v. Brehm*, 442 F.3d 1291, 1300 (11th Cir. 2006); *United States v. Barrero*, 425 F.3d 154, 157-58 (2d Cir. 2005); *United States v. Bermudez*, 407 F.3d 536, 544-45 (1st Cir. 2005); *see also United States v. Payton*, 405 F.3d 1168, 1173 (10th Cir. 2005) (interpreting U.S.S.G. § 5C1.2(a)(2) safety valve provision).

Ocampo also argues that the district court should have made a finding on whether Ocampo did not meet the requirements of § 3553(f)(5) to provide truthful information to the government. Ocampo contends that we should order a limited remand to permit the district court to do so. This argument also lacks merit. The court made no finding with respect to § 3553(f)(5) because it found that Ocampo was not entitled to the safety valve reduction due to his criminal history, *see* § 3553(f)(1). Ocampo has not argued that the district court erred in computing his criminal history, and because its finding on that issue was sufficient to foreclose safety valve relief, no remand is warranted.

AFFIRMED.