NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued May 14, 2009
Decided July 7, 2009

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1771

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *Plaintiff-Appellee*, | |
| *v.* | No. 02 CR 144 |
| DEXTER E. FOWLER, also known as D, | Charles N. Clevert, Jr., *Judge*. |
| *Defendant-Appellant*. | |

**O R D E R**

Dexter Fowler (also known as "D") pleaded guilty to conspiring to distribute five kilograms or more of cocaine and 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Although the plea agreement acknowledged the ten-year mandatory minimum contained in § 841(b)(1)(A), Fowler nevertheless moved for a "downward departure," arguing that the ten-year mandatory minimum did not bind the

district court in light of *Booker v. United States*, 543 U.S. 220 (2005); *Kimbrough v. United States*, 128 S. Ct. 558 (2007); and *Gall v. United States*, 128 S. Ct. 586 (2007). The district court denied that motion, stating that it did "not have the power to deviate from the mandatory minimum sentences." It then calculated an advisory guidelines range of 188–235 months' imprisonment and imposed a 160-month sentence.

Despite that below-guidelines sentence, Fowler appealed. He takes issue with the district court's conclusion that it cannot deviate from the mandatory minimum sentence prescribed in § 841(b)(1)(A) and presses on appeal the same *Booker-Kimbrough-Gall* argument he asserted in the district court, which we reject. Nothing in those decisions suggests that a district court may overlook a statutory mandatory minimum. Indeed, the Supreme Court in *Kimbrough* recognized that district courts are still bound by the mandatory minimums. *See Kimbrough*, 128 S. Ct. at 573–74 (acknowledging that, because sentencing courts still remain bound by mandatory minimum sentences, deviations from the 100-to-1 crack-powder cocaine ratio could result in sentencing "cliffs" around quantities that trigger the mandatory minimums).

Fowler offers one other argument, a variant of the first. He claims there is tension between the "shall" in 21 U.S.C. § 841(b)(1)(A), which states that a person "*shall* be sentenced to a term of imprisonment which may not be less than 10 years," and the "shall" in 18 U.S.C. § 3553(a), which states that a "court *shall* impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."[1] (emphases added). According to Fowler, that tension was resolved prior to *Booker* by U.S.S.G. § 5G1.1(b), which automatically converted any statutorily designated minimum sentence into the "guideline sentence" unless the regularly-computed guidelines range was higher. However, because *Booker* renders the Guidelines advisory, § 5G1.1(b) is no longer mandatory. Faced with what he asserts are now "conflicting shalls," Fowler resorts to the principle of lenity and interprets § 3553(a)'s "no greater than necessary" language as trumping the "shall" in § 841(b)(1)(A), thereby allowing a district court to sentence below the statutory minimum.

---

[1] Paragraph (2) of section 3553(a) sets forth such factors as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training.

Fowler's reading of § 3553(a) conflicts with our past precedent, *see United States v. Roberson*, 474 F.3d 432, 436–37 (7th Cir. 2007) ("We acknowledge the tension with section 3553(a), but that very general statute cannot be understood to authorize courts to sentence below minimums specifically prescribed by Congress."), and the holdings of all other circuits to address this question. *See, e.g.*, *United States v. Samas*, 561 F.3d 108, 110–11 (2d Cir. 2004); *United States v. Huskey*, 502 F.3d 1196, 1200 (10th Cir. 2007); *United States v. Franklin*, 499 F.3d 578, 584–86 (6th Cir. 2007). It also is not mandated by the statutory language. *See, e.g.*, *Samas*, 561 F.3d at 111 ("The wording of § 3553(a) is not inconsistent with a sentencing floor. The introductory language of the federal sentencing scheme is qualified: '[e]xcept as otherwise specifically provided*, a defendant who has been found guilty of an offense described in any Federal statute . . . shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) . . . .' 18 U.S.C. § 3551(a) (emphasis added). In this case, § 841(b)(1)(A) specifically provides for a mandatory minimum sentence of twenty years."). Moreover, it would render sections 3553(e) and (f) superfluous. *See id*. Thus, following *Roberson*, we reject Fowler's contention that § 3553(a) allowed the district court to sentence him below the ten-year mandatory minimum set forth in § 841(b)(1)(A). The decision of the district court sentencing Fowler to 160 months' imprisonment is therefore **AFFIRMED**.