NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 31, 2010
Decided April 5, 2010

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-1542

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 08-200017-001 |
| JALEEL ABDUL LAFI III, *Defendant-Appellant*. | Michael P. McCuskey, *Chief Judge.* |

**O R D E R**

Jaleel Abdul Lafi III pleaded guilty to four counts of distributing crack cocaine, 21 U.S.C. § 841(a)(1), one of which, he admitted, involved at least 50 grams of crack. Lafi also pleaded guilty to one count of carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c). The district court sentenced Lafi to a total of 10 years' imprisonment for distributing the drugs, the minimum allowed given the quantity of crack, *see* 21 U.S.C. § 841(b)(1)(A)(iii), and a consecutive 5 years for the gun offense, the statutory minimum, *see* 18 U.S.C. § 924(c)(1)(A)(i). Lafi filed a notice of appeal, but his appointed lawyers have concluded that the appeal is frivolous and move to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Counsel have filed a facially adequate supporting brief, and Lafi submitted a response under Circuit Rule 51(b).

Lafi has told counsel that he does not wish to challenge his guilty pleas, so counsel properly omit a discussion of the voluntariness of the pleas or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Counsel instead focus on whether Lafi could raise a nonfrivolous sentencing issue but concede that both the total imprisonment and supervised release are at the statutory minimums and could not lawfully have been shorter. *See* 21 U.S.C. § 841(b)(1)(A)(iii); 18 U.S.C. § 924(c)(1)(A)(I). With the exception of two circumstances that are not relevant here, *see* 18 U.S.C. § 3553(e)-(f), a district court may not sentence a defendant below a statutory minimum. *See United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009).

Finally, Lafi argues in his Rule 51(b) response that at sentencing the district court should have considered the differing offense levels for crimes involving like amounts of crack and powder cocaine. But this argument fails for the same reason: the district court was constrained by statute from sentencing Lafi below the mandatory minimums. *See Kimbrough v. United States*, 552 U.S. 85,108 (2007); *United States v. Roberson*, 474 F.3d 432, 436 (7th Cir. 2007).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.