**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James DAVIS, Defendant–Appellant.**

**No. 11–3653.**

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 28, 2012.*

Decided Sept. 4, 2012.

Paul W. Connell, Attorney, Office of the United States Attorney, Madison, WI, for Plaintiff–Appellee.

Reed Cornia, Attorney, Cornia Law, LLC, Madison, WI, for Defendant–Appellant.

Before RICHARD A. POSNER, Circuit Judge, ILANA DIAMOND ROVNER, Circuit Judge and DIANE P. WOOD, Circuit Judge.

## ORDER

James Davis was caught with approximately 300 grams of crack cocaine in June 2011. He pleaded guilty to possession with intent to distribute, 21 U.S.C. § 841(a)(1), and was sentenced to 10 years' imprisonment, the statutory minimum for that amount of crack, *id.*

§ 841(b)(1)(A)(iii). In the district court Davis did not dispute that he was subject to this mandatory minimum, but now he argues that the sentencing judge should have decreed the crack amounts which trigger mandatory penalties in § 841(b) to be unfairly low and exercised discretion under 18 U.S.C. § 3553(a) to impose a lower sentence. This argument is meritless. A district judge may sentence a crack offender below the guidelines imprisonment range if the judge disagrees as a matter of policy with the Sentencing Commission's view about the relative offense levels assigned to like amounts of powder and crack cocaine, *Kimbrough v. United States,* 552 U.S. 85, 91, 109–10, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007); *United States v. Etchin,* 614 F.3d 726, 740 (7th Cir.2010), but policy disagreements do not permit judges to disregard a statutory minimum sentence set by Congress, *United States v. Nigg,* 667 F.3d 929, 934–35 (7th Cir.2012); *United States v. Brucker,* 646 F.3d 1012,–1016 (7th Cir.2011) ("[I]n *Kimbrough,* the Supreme Court explicitly recognized, post–*Booker,* that sentencing courts remain bound by mandatory minimums."); *United States v. Roberson,* 474 F.3d 432, 436–37 (7th Cir.2007). The proper forum for Davis' arguments is Congress, not the federal courts.

**AFFIRMED.**

* The appellant asserts, without contradiction from the government, that oral argument is unnecessary. We agree, and thus the appeal is submitted on the briefs and record. *See* FED. R.APP. P. 34(f).