NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 28, 2012[*]
Decided September 4, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 11-3653

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 11-CR-78-WMC-01 |
| | |
| JAMES DAVIS, | William M. Conley, |
| *Defendant-Appellant*. | *Chief Judge.* |

**O R D E R**

James Davis was caught with approximately 300 grams of crack cocaine in June 2011. He pleaded guilty to possession with intent to distribute, 21 U.S.C. § 841(a)(1), and was sentenced to 10 years' imprisonment, the statutory minimum for that amount of crack, *id.* § 841(b)(1)(A)(iii). In the district court Davis did not dispute that he was subject to this mandatory minimum, but now he argues that the sentencing judge should have decreed

---

[*] The appellant asserts, without contradiction from the government, that oral argument is unnecessary. We agree, and thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(f).

the crack amounts which trigger mandatory penalties in § 841(b) to be unfairly low and exercised discretion under 18 U.S.C. § 3553(a) to impose a lower sentence. This argument is meritless. A district judge may sentence a crack offender below the guidelines imprisonment range if the judge disagrees as a matter of policy with the Sentencing Commission's view about the relative offense levels assigned to like amounts of powder and crack cocaine, *Kimbrough v. United States*, 552 U.S. 85, 91, 109–10 (2007); *United States v. Etchin*, 614 F.3d 726, 740 (7th Cir. 2010), but policy disagreements do not permit judges to disregard a statutory minimum sentence set by Congress, *United States v. Nigg*, 667 F.3d 929, 934–35 (7th Cir. 2012); *United States v. Brucker*, 646 F.3d 1012, 1016 (7th Cir. 2011) ("[I]n *Kimbrough*, the Supreme Court explicitly recognized, post-*Booker*, that sentencing courts remain bound by mandatory minimums."); *United States v. Roberson*, 474 F.3d 432, 436–37 (7th Cir. 2007). The proper forum for Davis' arguments is Congress, not the federal courts.

**AFFIRMED**.