NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604
Submitted December 1, 2017
Decided December 4, 2017

Before

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

GARY FEINERMAN, *District Judge**

| | |
|---|---|
| No. 15-3625 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | |
| *v.* | No. 14-cr-3 C.N. Clevert, Jr., *Judge*. |
| MICHAEL ANGLIN, *Defendant-Appellant.* | On Remand from the Supreme Court of the United States. |

**Order**

Our opinion in this appeal, 846 F.3d 954 (7th Cir. 2017), remanded for additional proceedings concerning the terms of supervised release but otherwise affirmed the convictions and sentences. The Supreme Court then instructed us to consider the effect of *Dean v. United States*, 137 S. Ct. 1170 (2017), which held that

---

* Of the Northern District of Illinois, sitting by designation.

a district court need not disregard the punishment on counts with mandatory-minimum sentences when determining the punishment on other counts. *Anglin v. United States*, No. 16–9411 (U.S. Oct. 2, 2017). The parties have filed position statements on remand.

After considering these statements, we remand to the district court with instructions to conduct a full resentencing in light of *Dean* and all other current law, including this circuit's rulings (some of which post-date our original opinion) on the terms of supervised release. Because the district judge who sentenced Anglin has retired, it is not possible to ask him whether this circuit's opinion in *United States v. Roberson*, 474 F.3d 432 (7th Cir. 2007), which *Dean* disapproved, affected Anglin's sentence. And because at least some terms of Anglin's sentence must be determined by a newly assigned judge, the most sensible approach is to allow that judge to craft a complete sentencing package.

Anglin's convictions remain valid. The sentences are vacated, and the case is remanded for resentencing.