NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 5, 2018
Decided August 20, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 17-1101

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*,<br><br>    *v.*<br><br>CARL P. WILSON,<br>    *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 14 CR 603-1<br><br>Thomas M. Durkin,<br>*Judge*. |

**O R D E R**

Carl Wilson pleaded guilty to robbing a bank in a Chicago suburb. In sentencing Wilson, the district court ruled that it could not disregard his past felony conviction for possessing marijuana when determining whether he qualified as a career offender under the Sentencing Guidelines. Wilson argues that he should be resentenced because the court mistakenly believed that it had to apply the career-offender guideline. He also argues that the court procedurally erred by not considering his mitigation argument that his marijuana conviction was too minor to justify a longer sentence for the armed robbery. Finally Wilson requests a remand under *Dean v. United States*, 137 S. Ct. 1170 (2017), because he was sentenced before the Supreme Court held that a district court can

consider the consecutive sentence for a 18 U.S.C. § 924(c) conviction when choosing a sentence for the underlying crime. We decline to order a *Dean* remand and affirm.

**I**

Wilson stole roughly $20,000 during an armed robbery of a bank in Orland Park, Illinois. During the robbery, he fired his gun in the direction of a teller retrieving the money behind the counter and narrowly missed her. He also fired his gun in the direction of a customer entering the bank and narrowly missed him too. After obtaining the cash, Wilson left the bank, but he was arrested roughly one week later.

A grand jury charged Wilson, who had two prior felony convictions, with three counts: armed bank robbery endangering the life of another person by use of a dangerous weapon in violation of 18 U.S.C. § 2113(a), (d); discharging a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). Wilson pleaded guilty to all three charges.

A probation officer determined that Wilson qualified as a career offender under the Sentencing Guidelines because he had two prior felony convictions: one for committing a crime of violence (malicious wounding) and another for a controlled-substance offense (possessing with intent to distribute marijuana). See U.S.S.G. § 4B1.1(a). The probation officer concluded that the recommended imprisonment term for the armed robbery was 188 to 235 months.

In his sentencing memorandum, Wilson urged the district court to disregard his marijuana conviction when determining the Guidelines sentencing range and therefore find that he did not qualify as a career offender. The career-offender guideline, he argued, overstated the seriousness of his criminal history because he was only 18 years old at the time of his marijuana conviction and had only two ounces of the drug for personal use. Wilson contended that the Guidelines's recommended prison term for the armed-robbery offense would be 57–71 months without the career-offender adjustment. He asked for a sentence of 36 months' imprisonment on the armed-robbery count.

The government agreed with the probation officer's Guidelines calculations but asserted that the district court should impose the 25-year maximum prison term for the armed-robbery offense. It urged that the Guidelines range did not sufficiently account for the seriousness of Wilson's violent history. The government emphasized that two months before Wilson shot at two people during the Orland Park robbery, he had

robbed another bank in Bolingbrook, Illinois, during which he shot a bank teller in the arm. (Wilson admitted to this robbery and shooting.)

At sentencing Wilson's attorney reiterated the contention that the court should overlook Wilson's marijuana conviction when determining whether he qualified as a career offender. The court responded that the "argument is a good one under 3553(a)," but that Wilson "is a career offender as that is defined under the guidelines." In short, the court said, "the career offender application is not a discretionary call for me." Later in the hearing, Wilson asked the court to "consider" the marijuana offense when selecting a sentence that would be sufficient, but not greater than necessary.

The district court imposed a sentence of 228 months' imprisonment for the armed robbery—almost the top of the Guidelines range—plus 120 months' imprisonment for each firearm offense, to be served concurrently with each other but consecutive to the robbery sentence, and five years' supervised release. In imposing this sentence, the court acknowledged Wilson's argument that his prior drug conviction was not a major offense, but it concluded that Wilson's criminal conduct was still very serious. The court added that it needed to impose a significant prison sentence to deter Wilson from future criminal conduct and "to protect the public from future crime" because he was "ruthless" and "a violent, dangerous person." In making this finding, the court underscored that Wilson robbed the Bolingbrook bank just seven months after getting out of prison; that there was no need to shoot the bank tellers, who would have turned over the money without being shot at; and that he had traumatized a number of people. The court viewed Wilson's conduct as the equivalent of "three attempted murders."

## II

On appeal Wilson, pointing to the district court's statement that "the career offender application is not a discretionary call for me," argues that the court improperly treated the career-offender guideline as mandatory, in violation of *United States v. Booker*, 543 U.S. 220 (2005). He adds that the court's determination that he met the criteria for applying the career-offender guideline further signals that the court mistakenly believed "it did not have the discretion to disregard" this guideline.

But Wilson takes the district court's statements out of context. The court merely said, accurately, that it could not ignore Wilson's marijuana conviction when calculating the applicable Guidelines range:

> But the career offender application is not a discretionary call for me. He was 18 years old at the time of this offense, over the age of 18. It was a felony that was a crime of violence, undoubtedly a crime of violence. He shot at people in a bank. He has two prior felony convictions of either a crime of violence or a controlled substance offense. He has the possession, with intent to distribute, which is a controlled substance offense and is a felony under Virginia law, and he also has the malicious wounding, which is a crime of violence because of the fact he shot somebody. Of course it's a crime of violence. So he is a career offender as that is defined under the guidelines, and so I make a finding that he is a career offender.

Nowhere does the court say it was bound to apply the career-offender guideline in the sense of an obligation to impose a sentence within that range. The court simply followed the rule that every sentencing must begin with the accurate calculation of the advisory Guidelines range. See *Gall v. United States*, 552 U.S. 38, 51 (2007).

Wilson next contends that the district court procedurally erred by inadequately addressing his mitigation argument that his marijuana conviction "was not serious enough to warrant application of the career offender guideline." But the district court sufficiently addressed this point. The court outlined Wilson's argument and said that it "recognized" his contention. The court further noted that the amount of marijuana that Wilson was convicted of possessing was "small" and that Wilson "wasn't a major dealer, by any means." But even so, the court concluded, Wilson's violent past and the damage he had inflicted on victims required a long sentence to punish and specifically deter him and to protect the public. By discussing Wilson's mitigation argument but deciding that his violent conduct justified a lengthy prison sentence, the court fulfilled its obligation to address non-frivolous arguments in mitigation. See *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005).

In a related argument, Wilson faults the district court for "failing to adequately address [his] as-applied challenge to the career offender guidelines"—specifically, that applying this guideline "overstated the seriousness of his criminal history." Although Wilson sets forth this argument separately, we cannot discern how it meaningfully differs from the argument that the district court insufficiently considered the mitigating argument that one

of the predicate convictions was for a minor offense. Both arguments are answered by the court's recognition of Wilson's argument that his drug offense was not significant enough to warrant a career-offender-length sentence and its decision that aggravating factors outweighed this consideration.

Wilson finally argues that the district court committed plain error by sentencing him based on its mistaken belief that it could not consider his consecutive § 924(c) sentence when selecting the sentence for his armed-robbery offense. He was sentenced in January 2017, before the Supreme Court decided *Dean*. At that time, the district court was bound by this court's holding in *United States v. Roberson*, 474 F.3d 432 (7th Cir. 2007), to the effect that the proper sentence for a predicate offense must be determined "entirely independently of the section 924(c)(1) add-on," *id.* at 437. That holding was abrogated by *Dean*, 137 S. Ct. at 1178. Wilson asserts that *Roberson* "must have factored into the district court's decision" to sentence him to 228 months' imprisonment for the armed robbery.

But Wilson is not entitled to be resentenced because "the record does not so much as hint that the district judge felt constrained by *Roberson*." *United States v. Wheeler*, 857 F.3d 742, 745 (7th Cir. 2017). The court did not refer to *Roberson* or suggest that it would have preferred to impose a shorter prison sentence for the armed robbery because of the § 924(c) sentence. See *id.* Moreover the court, emphasizing the seriousness of Wilson's armed robbery (the judge said the crime was "as serious as I've seen in my limited time as a federal judge" and found that Wilson was "ruthless" and "a violent, dangerous person"), imposed a 228-month prison sentence for this offense, which is the high end of the 188-235 month Guidelines range. *Wheeler* deemed it "inconceivable" that a sentencing judge who imposed an above-Guidelines sentence did so because of *Roberson*. *Id.* This conclusion applies here too: the court's decision to sentence Wilson at the high end of the Guidelines range signals that *Roberson* did not affect this sentence, and the court made no mention of *Roberson* at sentencing. No remand based on Dean is warranted.

### III

Because the district court correctly recognized the advisory nature of the Sentencing Guidelines, adequately addressed Wilson's mitigation argument, and did not feel constrained by *Roberson*, we AFFIRM the judgment.