In the

# United States Court of Appeals
## For the Seventh Circuit

---

Nos. 05-1841 & 05-1842

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*
*Cross-Appellant,*

*v.*

THOMAS L. CANNON,

*Defendant-Appellant,*
*Cross-Appellee.*

---

Appeals from the United States District Court
for the Central District of Illinois.
No. 03-20085-001—**Harold A. Baker**, *Judge.*

---

ARGUED NOVEMBER 7, 2005—DECIDED NOVEMBER 29, 2005

---

Before POSNER, EASTERBROOK, and WOOD, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Convicted of possessing cocaine base with intent to distribute, Thomas Cannon contends that 21 U.S.C. §841 is unconstitutional because it does not treat the quantity of drug as an element of the offense. We have held otherwise, see *United States v. Brough*, 243 F.3d 1078 (7th Cir. 2001), and do not perceive a reason to revisit that decision. Nor was there any problem in the trial. Although Cannon contends that the jury instructions were vague about the meaning of "cocaine base"—which, we have held, means "crack" rather than other kinds of alkaline cocaine, see *United States v.*

*Edwards*, 397 F.3d 570 (7th Cir. 2005)—he did not object or ask for an explicit definition. Only plain error could lead to relief now, and there is none because the jury did not need more guidance: Cannon stipulated that the police seized about 60 grams of "cocaine base (crack)" from the car he had occupied immediately before his arrest (though he denied intending to distribute that drug). His appellate lawyer says that Cannon and trial counsel may not have appreciated that there are varieties of cocaine base other than crack, but Cannon surely knew whether his own inventory was "crack." This concession brought the substance within the definition of "cocaine base."

The prosecutor's cross-appeal raises more substantial issues. A person who distributes more than 50 grams of crack "after two or more prior convictions for a felony drug offense have become final" must be sentenced to life imprisonment. 21 U.S.C. §841(b)(1)(A). Cannon has two drug-felony convictions in Illinois, each for possessing less than 15 grams of cocaine. (The exact amount does not appear in the indictments or judgments.) But the district judge declined to impose the statutory penalty. He gave two reasons. First, he stated that, because each episode involved small amounts, treating Cannon as having two convictions would overstate the seriousness of his criminal history. Second, the judge opined that *United States v. Booker*, 125 S. Ct. 738 (2005), gives him discretion "to decide what should be counted as a prior felony drug conviction"—and though both offenses are felonies under state law, they were not serious enough in the federal judge's eyes to count as drug felonies. Cannon received a sentence of 20 years' imprisonment, the minimum allowed for someone who distributes more than 50 grams of crack but has just one prior drug felony.

Neither of the district judge's reasons holds water. *Booker* has nothing to do with recidivist sentencing, as its own

statement of the holding demonstrates: "Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756 (emphasis added). Indeed, *Booker* has nothing to do with minimum sentences. The Court did not disturb *Harris v. United States*, 536 U.S. 545 (2002), which holds that the sixth amendment does not require the jury to determine facts that establish floors under criminal penalties. *Booker* and its precursors, back to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), are about who decides (judge or jury?) under what burden (preponderance or reasonable doubt?). They do not change legal rules that prescribe available sentencing ranges or alter the terms of recidivist laws. See, e.g., *United States v. Duncan*, 413 F.3d 680, 683 (7th Cir. 2005); *United States v. Rivera*, 411 F.3d 864, 866-67 (7th Cir. 2005); *United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005); *McReynolds v. United State*s, 397 F.3d 479, 481 (7th Cir. 2005).

Prior convictions that affect minimum sentences are not treated like "criminal history" under the Sentencing Guidelines, which both before and after *Booker* affects the presumptive sentencing range without establishing a floor. Recidivist provisions do set floors, and judges must implement the legislative decision whether or not they deem the defendant's criminal record serious enough; the point of such statutes is to limit judicial discretion rather than appeal to the court's sense of justice.

Thus in *United States v. Vega-Montano*, 341 F.3d 615, 619-20 (7th Cir. 2003), we held that a court may not depart from a mandatory minimum sentence by declaring that the defendant's criminal history overstates the seriousness of his record. The technical question in *Vega-Montano* was whether a court could disregard a limitation on the safety-valve statute, which permits a sentence below an applicable

statutory minimum if (among other things) the defendant does not have more than one criminal history point. 18 U.S.C. §3553(f)(1). The district court concluded that Vega-Montano, who had 3 criminal history points, should be treated as if he had only 1, because (in the judge's view) 3 points overstated the seriousness of his record. We held, however, that the statutory question is how many points the defendant had accumulated, not how serious the crimes were in the judge's estimation. Just so with §841(b)(1)(A). Cannon had two drug-felony convictions; the district judge was not free to deprecate their seriousness and disregard Cannon's actual criminal record. The statute speaks of *any* drug felony, not just of those that entail large quantities.

Cannon suggests that the two offenses should be treated as one, even though they were committed 14 months apart, because sentencing occurred in a single proceeding. He has in mind the standard of U.S.S.G. §4A1.2(a)(2) and Application Note 3, which merges "related" cases for the purpose of calculating criminal history points. Section 841(b)(1)(A) does not contain such a proviso. Cf. *United States v. Hudspeth*, 42 F.3d 1015 (7th Cir. 1994) (en banc) (discussing the way separate convictions are assessed under the Armed Career Criminal statute). Language in the Guidelines cannot be used to modify statutes. See, e.g., *Neal v. United States*, 516 U.S. 284 (1996).

Even if §841(b)(1)(A) were treated like the criminal-history guideline, Cannon could not benefit. Application Note 3 says that prior sentences are not related if the defendant was arrested for the first crime before committing the second. That describes Cannon's behavior. He was arrested on September 14, 1995, while in possession of less than 15 grams of cocaine and was released pending resolution of that charge. On November 11, 1996, he was arrested again for possessing cocaine. He pleaded guilty to both charges on December 1, 1997. Application Note 3 would require these convictions to be counted separately

when calculating criminal history. They must be counted separately under §841(b)(1)(A) as well.

Whether this recidivist provision is wise, and whether life imprisonment is the best way to deal with repeat offenders who peddle retail rather than wholesale quantities, is open to doubt, but *Booker* does not permit courts to make independent decisions about the wisdom of legislation. Mandatory recidivist enhancements are compatible with the eighth amendment. See *Lockyer v. Andrade*, 538 U.S. 63 (2003). Accordingly, although the conviction is affirmed, Cannon's sentence is vacated, and the case is remanded with instructions to impose a sentence of life imprisonment.

A true Copy:

      Teste:

 

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*