NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 23, 2007
Decided January 31, 2007

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-1913

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division |
| v. | |
| JEFFREY L. SCOTT, *Defendant-Appellant.* | No. 3:04CR00014-003 |
| | Richard L. Young, *Judge.* |

**O R D E R**

A jury found Jeffrey Scott guilty of conspiring to possess methamphetamine. *See* 21 U.S.C. §§ 846, 841(a)(1). The district court sentenced him to the mandatory minimum sentence of life in prison. *See* 21 U.S.C. § 841(b)(1)(A)(viii). Scott argues that his life sentence is grossly disproportionate to his crime and thus violates the Eighth Amendment. The precedents of both the Supreme Court and this court foreclose this argument; therefore, we affirm.

Scott and seven others were part of a conspiracy involving more than 500

grams of a mixture containing methamphetamine. The drug ring was discovered after detectives in Evansville, Indiana, conducted a controlled purchase of methamphetamine from one of the conspirators, who eventually led officers to the others. All of his co-defendants pleaded guilty to the conspiracy charge, but Scott chose to fight it at trial. In March 2006 a jury found him guilty. Life imprisonment was mandatory because of the drug quantity and Scott's two prior felony drug convictions. *See* 21 U.S.C. § 841(b)(1)(A)(viii) (mandating life imprisonment for defendant having two prior felony drug convictions who commits violation of § 841(a)(1) involving at least 500 grams of mixture containing methamphetamine).

Scott urges us to adopt the proportionality approach articulated in Justice Kennedy's concurring opinion in *Harmelin v. Michigan*, 501 U.S. 957 (1991), and to hold that his sentence is unconstitutional. In *Harmelin*, a majority of the Supreme Court rejected the petitioner's claim that his mandatory sentence of life imprisonment was grossly disproportionate to his crime and thus cruel and unusual, but the Justices diverged in arriving at this conclusion. *Id.* at 955-56. Justice Scalia, writing for himself and Chief Justice Rehnquist, concluded that the punishment was not cruel and unusual because, in their view, the Eighth Amendment does not contain a proportionality principle in noncapital cases. *See id.* at 994. Justice Kennedy, on the other hand, wrote in a concurring opinion joined by Justices O'Connor and Souter that the Court's precedents recognize a "narrow proportionality principle" having imprecise contours. *Id.* at 996-98. He went on to list four principles that aid courts in conducting proportionality review: (1) the legislature is best suited to determining what punishments should be imposed for various crimes; (2) the Eighth Amendment does not mandate any particular theory of sentencing; (3) given the nature of the federal system, a wide range of sentences can be constitutionally permissible; and (4) objective factors, especially whether a death sentence was imposed, should be an important factor in proportionality review. *Id.* at 998-1001.

Scott requests that we adopt Justice Kennedy's approach, but does not acknowledge that both the Supreme Court and this court already conduct proportionality review in noncapital cases. *See Ewing v. California*, 538 U.S. 11, 20-24 (2001); *United States v. Gross*, 437 F.3d 691, 692-94 (7th Cir. 2006); *Henry v. Page*, 223 F.3d 477, 482 (7th Cir. 2000). Moreover, proportionality review would not show Scott's sentence to be unconstitutional. Even though Justice Kennedy accepted limited proportionality review in *Harmelin*, he rejected the petitioner's argument that a mandatory life sentence was disproportionate to the possession of 650 grams of cocaine. 501 U.S. at 1004. After noting the detrimental effects that addictive drugs have on society, Justice Kennedy held that the gravity of the petitioner's offense, compared to his sentence, did not give rise to an inference of gross disproportionality. *Id.* at 1004-05.

Although nowhere acknowledged by Scott, we have held after *Harmelin* that mandatory minimum sentences of life imprisonment for drug offenses committed in violation of § 841(a)(1) do not violate the Eighth Amendment. *See, e.g., United States v. Cannon*, 429 F.3d 1158, 1161 (7th Cir. 2005); *United States v. Kramer*, 955 F.2d 479, 488 (7th Cir. 1992); *accord United States v. Jensen*, 425 F.3d 698, 708 (9th Cir. 2005). Accordingly, Scott's argument that his sentence is unconstitutional cannot be accepted. As an aside, Scott does not dispute the existence of his earlier convictions, but repeatedly asserts that, because his sentences for the two convictions ran concurrently, he had "only one opportunity at rehabilitation." Because this is so, Scott argues, the statutory purpose of removing unrepentant repeat offenders from circulation would not be served in this case. We have effectively rejected this argument. *See, e.g., Cannon*, 429 F.3d at 1160-61 (explaining that § 841(b) limits the discretion of sentencing courts, which "must implement the legislative decision whether or not they deem the defendant's criminal record serious enough").

AFFIRMED.