NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted April 2, 2007
Decided September 25, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3583

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 06 CR 116 |
| ANTONIO TORRES, *Defendant-Appellant*. | John C. Shabaz, *Judge*. |

**O R D E R**

Antonio Torres pleaded guilty to conspiracy to possess and distribute cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1).  Four substantive distribution counts were dismissed as part of his plea agreement.  The district court sentenced him to 60 months' imprisonment, which is the mandatory minimum because the conspiracy involved at least 500 grams of cocaine.  *See* 21 U.S.C. § 841(b)(1)(B).  Counsel for Mr. Torres filed a notice of appeal but now moves to withdraw because he cannot discern a nonfrivolous issue for appeal.  *See Anders v. California*, 386 U.S. 738

(1967). We invited Mr. Torres to respond to counsel's motion, *see* Cir. R. 51(b), but he has not done so.

In the brief filed in support of his motion to withdraw, counsel identifies as a potential issue the adequacy of the guilty-plea colloquy conducted by the district court under Federal Rule of Criminal Procedure 11. We have held, though, that a lawyer should not discuss in an *Anders* submission the adequacy of a Rule 11 colloquy unless the defendant wants his guilty plea vacated, *see United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2003), and in this case counsel's brief is silent concerning the degree to which counsel consulted with Mr. Torres about his desire to have his plea set aside. We thus ordered counsel to provide us with a statement affirming that he communicated with Mr. Torres on this point and disclosing Mr. Torres's position. *See United States v. Torres*, 482 F.3d 925 (7th Cir. 2007). Counsel has tendered that statement and clarified that Mr. Torres does not wish to have his guilty plea vacated. Accordingly, we do not discuss the plea colloquy or the voluntariness of Mr. Torres' guilty plea. *See Knox*, 287 F.3d at 670-71.

Counsel also considers whether Mr. Torres could argue that his prison sentence is unreasonable. Counsel is correct, however, that such an argument would be frivolous because 60 months is the mandatory minimum term of imprisonment by statute, and the district court was not free to impose a lower term. *See United States v. Miller*, 450 F.3d 270, 275 (7th Cir. 2006); *United States v. Cannon*, 429 F.3d 1158, 1160 (7th Cir. 2005); *United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005). Mr. Torres' sentence cannot be unreasonably high when the district court was not empowered to disregard the mandatory minimum.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.