**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 6, 2008
Decided February 6, 2008

**Before**

Hon. KENNETH F. RIPPLE,  *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 07-2019

|  |  |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 06-CR-303 |
| DuJUAN WILLIAMS, *Defendant-Appellant.* | Lynn Adelman, *Judge.* |

**O R D E R**

DuJuan Williams pleaded guilty to possession with intent to distribute in excess of 50 grams of crack cocaine. *See* 21 U.S.C. § 841(a)(1). Pursuant to a plea agreement, the government dismissed an additional charge that Williams was a felon in possession of a firearm, *see* 18 U.S.C. § 922(g), and did not pursue any penalty enhancement for his prior convictions, *see* 21 U.S.C. § 851. The district court found that the applicable guidelines range for Williams's offense was 121-151 months' imprisonment, but after considering the factors contained in 18 U.S.C. § 3553(a), the court imposed a sentence of 120 months, the mandatory minimum by statute, *see* § 841(b)(1)(A). Williams filed a notice of appeal, but counsel now moves to withdraw because he cannot discern a non-frivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We invited Williams to respond to counsel's motion, *see* CIR. R. 51(b), but he has not done so. Counsel's supporting brief is

facially adequate, so we limit our review to the potential issues it identifies. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Williams could challenge the voluntariness of his guilty plea. Counsel is correct, however, that he cannot proceed to consider such a challenge because, after discussing the appeal with Williams, Williams did not ask counsel to pursue the argument in light of its associated risks. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2003). Accordingly, we examine it no further.

Counsel also correctly determines that any challenge to the reasonableness of Williams's sentence would be frivolous. At sentencing, Williams advanced a policy argument against the then-applicable 100:1 crack-to-powder cocaine ratio, and he argued that the mandatory minimum of 120 months was adequate punishment for his offense. Williams did not otherwise dispute the calculation of his applicable guidelines range. After a thorough review of the § 3553(a) factors, the district court gave Williams the sentence he asked for—120 months—which was one month below the guidelines range. The court was free to impose a sentence below the guidelines range based upon Williams's § 3553(a) arguments, including his policy arguments, provided they showed that his guidelines sentence was greater than necessary. *See Kimbrough v. United States*, 128 S. Ct. 558, 573-74, 575-76 (2007). But the district court was not free to go below the mandatory minimum sentence provided by statute, and therefore the district court's sentence cannot be unreasonably high when the court was not empowered to impose a lesser term. *See United States v. Cannon*, 429 F.3d 1158, 1160-61 (7th Cir. 2005); *United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005).

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.