**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 13, 2008
Decided February 14, 2008

**Before**

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-1226

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division |
| *v.* | No. 06 CR 3 |
| JEFFREY D. KIRKLAND, *Defendant-Appellant.* | Allen Sharp, *Judge.* |

**O R D E R**

Jeffrey Kirkland was sentenced to 180 months of imprisonment after a jury found him guilty of possession of a firearm by a felon. *See* 18 U.S.C. § 922(g)(1). Kirkland filed a notice of appeal, but his newly appointed appellate attorneys now move to withdraw because they cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Kirkland responded to our invitation to comment on counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and in Kirkland's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

At trial John Sheets, the owner of Three Sheets Bar in Michigan City, Indiana, testified for the government that Kirkland looked intoxicated when he

entered the bar on October 7, 2005. Sheets refused to serve him, and Kirkland left. Shortly thereafter, according to Sheets, Kirkland came back, placed a pistol on the bar, and asked for a beer. Sheets grabbed the gun and asked Kirkland if he had a permit. Kirkland told him that the permit was in his truck and left to retrieve it, yet never returned. The next day, Sheets continued, Kirkland's mother came in and said the gun was her husband's and asked for it back. Sheets, though, had already given it to the police.

Kirkland, testifying on his own behalf, admitted that he was drunk on that night. But he maintained that he found the gun in the bar parking lot and brought it inside to keep it away from children who might play in the lot. At the time, he added, he was unaware that his mother (who died before trial) had put the gun in his truck that day while her car was being serviced. He speculated that it fell out earlier without him noticing. Kirkland denied asking again for a beer when he placed the gun on the bar.

Jack Langford, a friend of Kirkland's mother and acquaintance of Sheets, also testified for Kirkland. He claimed that Sheets later told him that Kirkland had said, when he brought the gun in, that he found it in the parking lot. On rebuttal, however, Sheets denied Langford's account and testified that Kirkland had never mentioned finding the gun in the parking lot.

At the close of the evidence, Kirkland proposed a jury instruction on his defense that he innocently possessed the pistol. The district court concluded that the instruction misstates the law and refused to give it. The jury then returned a guilty verdict, and the court, relying on the presentence report accepted by both sides without objection, calculated a guidelines imprisonment range of 188 to 235 months based on a total offense level of 33 and a criminal history category of IV. Since both sides agreed that a below-guidelines sentence was sufficient, the court sentenced Kirkland, an armed career criminal, to the 180-month mandatory minimum. *See* 18 U.S.C. § 924(e)(1).

In their *Anders* submission counsel first consider challenging the district court's refusal to give Kirkland's proposed jury instruction but conclude that the argument would be frivolous because the instruction misstates the law. We agree. A defendant is entitled to his proposed jury instruction on a defensive theory if it correctly states the law, is supported by the evidence, is not already covered by the court's charge, and is necessary to assure a fair trial. *United States v. Prude*, 489 F.3d 873, 882 (7th Cir. 2007); *United States v. Al-Shahin*, 474 F.3d 941, 947 (7th Cir. 2007). Here, Kirkland proposed to instruct the jury that it should acquit him if it believed his testimony that he found the gun in the parking lot and innocently carried it into the bar to keep it out of the hands of children. As the district court recognized, however, Kirkland's proposed instruction would have misinformed the

jury about the law: a felon "innocently" possesses a gun only when the evidence supports a justification defense, which Kirkland's testimony did not. *See United States v. Hendricks*, 319 F.3d 993, 1005-06 (7th Cir. 2003). No child was around, so the gun posed no imminent threat; to avert the perceived harm, Kirkland could have waited beside the gun until another patron either picked it up or alerted Sheets. But picking it up himself under the circumstances Kirkland described constituted a violation of § 922(g)(1), *see Hendricks*, 319 F.3d at 1005-06; *United States v. Conley*, 291 F.3d 464, 473 (7th Cir. 2002), so it was not error to refuse his proposed instruction.

Counsel next consider whether Kirkland might challenge the sufficiency of the evidence underlying his conviction. To convict under § 922(g)(1), the government need only establish that the defendant (1) was a felon (2) when he possessed a firearm (3) in or affecting commerce. 18 U.S.C. § 922(g)(1); *United States v. Morris*, 349 F.3d 1009, 1013 (7th Cir. 2003). In this case Kirkland stipulated to the first and third elements and disputed only the second. He argued, consistent with his proposed jury instruction, that he did not have control of the gun long enough to have "possessed" it within the meaning of § 922(g)(1). Yet we have held that even a brief possession of a firearm is sufficient to convict under § 922(g)(1). *Hendricks*, 319 F.3d at 1005-06; *Conley*, 291 F.3d at 473. At trial Kirkland admitted that he knowingly picked up the gun, carried it inside, and placed it on the bar. As counsel recognize, any contention that this conduct did not constitute possession would be frivolous.

We also agree with counsel that any challenge to the reasonableness of Kirkland's prison sentence would be frivolous. Kirkland did not dispute that he committed the offense after incurring three convictions for felony crimes of violence, and thus under the Armed Career Criminal Act he faced a mandatory term of at least 15 years. *See* 18 U.S.C. § 924(e). That is the sentence he received, so any reasonableness challenge would necessarily be frivolous. *See United States v. Roberson*, 474 F.3d 432, 436-37 (7th Cir. 2007); *United States v. Cannon*, 429 F.3d 1158, 1160-61 (7th Cir. 2005).

Finally, to the extent that Kirkland proposes in his Rule 51(b) response to argue that his trial or appellate lawyers have been deficient, he would be better served bringing that claim through a collateral proceeding under 28 U.S.C. § 2255. *See, e.g.*, *Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Parker*, 469 F.3d 1074, 1075 n.1 (7th Cir. 2006).

For the above reasons, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.