NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 23, 2009*
Decided May 7, 2009

## Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| **No**.  08-3906 | Appeal from the United States District Court for the Central District of Illinois. |
| THOMAS CANNON,<br>        *Petitioner-Appellant*, | |
| **v.** | No. 07-CV-2044<br>Michael P. McCuskey,<br>*Chief Judge*. |
| UNITED STATES OF AMERICA,<br>        *Respondent-Appellee*. | |

## Order

After we affirmed Thomas Cannon's conviction, the district court on remand imposed the sentence that we had concluded is the lowest allowed by statute: life imprisonment. See *United States v. Cannon*, 429 F.3d 1158 (7th Cir. 2005). He then filed a motion for collateral relief under 28 U.S.C. §2255, contending that his lawyer had

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

furnished ineffective assistance.

The argument that the lawyer had labored under a conflict of interest was serious enough to require an evidentiary hearing. Thomas Cannon maintains that his brother Clarence hired the lawyer to deflect suspicion from himself, and that the lawyer throughout did Clarence's bidding at the cost of Thomas's freedom. The district judge took extensive evidence and found that counsel had served Thomas's interest rather than Clarence's, so that there was no conflict--and that Thomas, who made a written confession taking full responsibility for the drugs and absolving his brother, is not well positioned to complain that his brother is to blame for his conviction.

Thomas's appeal does not take issue with the district court's resolution of this question. Instead he contends that his lawyer was ineffective because he did not call witnesses who, Thomas contends, would have testified that only Clarence could have known about the drugs. The district court concluded that such testimony would have been of little moment, given Thomas's written and voluntary confession, plus other evidence showing that Thomas was a drug dealer. The judge added that Thomas "has provided no affidavit from any of the alleged witnesses indicating what testimony they would actually provide. When a petitioner alleges that counsel's failure to investigate resulted in ineffective assistance, that petitioner has the burden of providing the court with specific information as to what the investigation would have produced." See *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003).

In this court, Thomas Cannon blames the lack of evidence on the shortcomings of the lawyer who prosecuted the collateral attack in the district court. But arguments about ineffective assistance do not cascade in this fashion. Prisoners do not have a constitutional right to counsel in prosecuting a collateral attack, and so the shortcomings of lawyers at this stage fall on the prisoner himself rather than being imputed to the state. This means that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief". 28 U.S.C. §2254(i). Although that provision applies directly to §2254 proceedings, the principle is no less applicable to §2255 proceedings. There is accordingly no basis for a new hearing, and on the record compiled in the hearing already held the judgment must be

AFFIRMED.