NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 2, 2012
Decided May 3, 2012

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-3867

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:11CR00044-001 |
| JERRY L. CRAWFORD, *Defendant-Appellant.* | Sarah Evans Barker, *Judge*. |

## O R D E R

Jerry Crawford already had multiple felony convictions for burglary before he pleaded guilty in 2011 to possessing a firearm in violation of 18 U.S.C. § 922(g)(1). At least three of those convictions were for burglarizing buildings and thus triggered a 15-year statutory minimum under the Armed Career Criminal Act, 18 U.S.C. § 924(e). *See Taylor v. United States*, 495 U.S. 575, 599 (1990); *United States v. Mathews*, 453 F.3d 830, 833 n.7 (7th Cir. 2006). The district court imposed that minimum term of imprisonment. Crawford filed a notice of appeal, but his appointed attorney has moved to withdraw on the ground that all potential appellate claims are frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Crawford has not responded to his lawyer's submission. *See* CIR. R. 51(b). We limit our review to the potential issue identified in counsel's facially adequate brief. *See United States*

*v. Aslan*, 644 F.3d 526, 531 (7th Cir. 2011). Crawford does not want his guilty plea set aside, so counsel properly forgoes discussing the voluntariness of the plea or the district court's compliance with Federal Rule of Criminal Procedure 11. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Crawford's counsel identifies only one potential issue: whether Crawford's prison sentence is unreasonably high. We agree with counsel that such a challenge would be frivolous. Crawford stipulated to his 3 prior burglary convictions, and so imprisonment for no less than 15 years was required. *See* 18 U.S.C. § 924(e), (e)(2)(B)(ii) (defining burglary as a violent felony). Crawford's sentence is the lowest the judge could have imposed and therefore not unreasonably high. *See United States v. Cannon*, 429 F.3d 1158, 1160–61 (7th Cir. 2005); *United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.