**UNITED STATES of America,**

v.

**Fergus M. SLOAN, Jr., et al.,
Defendants.**

No. 74 Cr. 859.

United States District Court,
S. D. New York.

July 1, 1975.

Paul J. Curran, U. S. Atty., by Kenneth R. Feinberg, New York City, of counsel, for plaintiff.

Carro, Spanbock, Londin, Rodman & Fass, New York City, by Jerome J. Londin, New York City, of counsel, for defendants.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Defendant Carl W. Anderson moves to set aside this Court's sentence of imprisonment imposed on June 16, 1975. He argues that no imprisonment may be imposed under the circumstances of this case because of the peculiar interplay of the conspiracy statute, 18 U.S.C. § 371, and the sentencing provision of the Securities Exchange Act of 1934, 15 U.S.C. § 78ff(a). We disagree.

The defendant was convicted after a month-long jury trial of conspiring to violate the federal securities laws, particularly 15 U.S.C. § 78q(a) and three Securities and Exchange Commission regulations promulgated thereunder, 17 C.F.R. §§ 240.17a–3, 4, and 5. The cited statute provides, in pertinent part, that every broker or dealer

"shall make, keep, and preserve for such periods, such accounts, correspondence, memoranda, papers, books, and other records and make such re-

ports, as the Commission by its rules and regulations may prescribe as necessary or appropriate in the public interest or for the protection of investors."

The three SEC regulations here involved—promulgated pursuant to that statute—list the specific records and documents that must be accurately made, preserved and filed.

The charges in this case arose out of the financial collapse of Orvis Brothers & Co., a member of the New York Stock Exchange. The motivation for the conspiracy, according to the government's proof at trial, was a desire among certain partners at Orvis, including Anderson, to hide the fact of the firm's deteriorating financial condition from the Stock Exchange and the appropriate regulatory agencies. The method for achieving this purpose was the making and filing of inaccurate records and documents, all in contravention of the securities laws.

The main issues litigated at Anderson's trial were twofold: first, was there a conspiracy among certain of the partners at Orvis to maintain false records and file false financial statements with the SEC; and secondly, was the defendant Anderson a knowing and wilful participant in such an unlawful enterprise. The jury resolved both of these issues against the defendant.

In arguing against the imposition of a jail sentence, Anderson relies, as noted above, on the interplay between the conspiracy section under which he was convicted, 18 U.S.C. § 371, and the penal provision of the Securities Act, 15 U.S. C. § 78ff(a).

The conspiracy provision, after defining the crime and prescribing the penalty, contains a proviso which states:

"If, however, the offense, the commission of which is the object of the con-

spiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor."

Anderson thus maintains that it is necessary to determine whether the conspiracy of which he was convicted had as its object the commission of an offense which is solely a misdemeanor. This inquiry requires reference to 15 U.S.C. § 78ff(a), the penal provision of the 1934 Securities Act. This statute reads as follows,

"(a) Any person who willfully violates any provision of this chapter, or any rule or regulation thereunder the violation of which is made unlawful or the observance of which is required under the terms of this chapter, or any person who willfully and knowingly makes, or causes to be made, any statement in any application, report, or document required to be filed under this chapter or any rule or regulation thereunder or any undertaking contained in a registration statement as provided in subsection (d) of section 78o of this title, which statement was false or misleading with respect to any material fact, shall upon conviction be fined not more than $10,000, or imprisoned not more than two years, or both, except that when such person is an exchange, a fine not exceeding $500,000 may be imposed; *but no person shall be subject to imprisonment under this section for the violation of any rule or regulation if he proves that he had no knowledge of such rule or regulation.*" (emphasis added)

Under 18 U.S.C. § 1, the crime defined is a felony.[1] However, the quoted statute's final clause (emphasized above) carves out a special exception which prohibits imprisonment of a person convicted under 15 U.S.C. § 78ff(a)

---

1. 18 U.S.C. § 1 classifies offenses as follows: "Notwithstanding any Act of Congress to the contrary:
(1) Any offense punishable by death or imprisonment for a term exceeding one year is a felony.

(2) Any other offense is a misdemeanor.
(3) Any misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both, is a petty offense."

for a violation of a *rule* or *regulation* of which such person was wholly ignorant.[2]

Relying exclusively on this so-called "no knowledge" proviso, Anderson claims that because he was wholly ignorant of the specific requirements set forth in SEC regulations 17 C.F.R. §§ 240.17a–3, 4, and 5, he would only be subject to punishment under 15 U.S.C. § 78ff(a) by a fine not to exceed $10,000. Since any offense punishable by a fine only is classified as a misdemeanor,[3] Anderson completes his syllogism by concluding that he can only be fined up to $10,000 on the conspiracy conviction.

The weakness in this argument is that it is based on an inaccurate interpretation of the purposes of the "no knowledge" proviso in 15 U.S.C. § 78ff(a). This clause is rather unique in that it permits a defendant prior to sentencing to rebut the presumption that he had knowledge of the rule or regulation of which he had been convicted of violating. It was included in the 1934 Act as a compromise measure to allay certain fears in Congress that, by enacting a vast new securities statute giving broad rule-making authority to the SEC, and by making violations of such rules criminal, the legislators were subjecting totally "innocent" people—persons who might act without knowledge that their conduct was now prohibited by a rule—to possible incarceration. The compromise impliedly recognized that under such circumstances, strict adherence to the presumption of knowledge of the law would be unwarranted. See, Herlands, *Criminal Aspects of the Securities Exchange Act of 1934,* 21 Virginia L.Rev. 139, 190–193 (1934); *United States* v. *Lilley* (S.D.Texas 1968) 291 F.Supp.

989; *United States* v. *Guterma* (S.D.N.Y.1960) 189 F.Supp. 265.

■ It is equally clear, however, that Congress did intend to maintain the usual presumption of knowledge with respect to the standards prescribed in the securities acts themselves. The "no knowledge" proviso is explicitly limited to lack of knowledge of a "rule or regulation". Congress did not intend that the protection of the "no knowledge" clause would extend to persons who were charged with knowing their conduct to be in violation of law, but did not happen to know that it was also in violation of a particular SEC rule or regulation. See, *United States* v. *Lilley, supra,* 291 F.Supp. 989, 993.

■■ It is this latter situation that we here encounter. Anderson is not a totally innocent person who committed a non-wilful technical violation of an SEC rule or regulation. Anderson was accused and convicted of conspiring to violate 15 U.S.C. § 78q(a) which makes it a crime to make and file false and inaccurate records and documents. In order to convict him of this offense, the jury was required to find that he had formulated the deliberate intent to further an unlawful objective. Thus, the court instructed the jury that Anderson could not be deemed a conspirator unless he had (TR 3031–2):

> "Knowledge of the basic unlawful object of the conspiracy, in this case, deceptive record keeping and deceptive filing with the S.E.C. to conceal financial weakness; and that it was his deliberate intent to further that unlawful objective."

Under these circumstances, it seems irrelevant whether Anderson knew of the

---

2. As is apparent from a careful reading of both 18 U.S.C. § 371 and 15 U.S.C. § 78ff(a), the "no knowledge" proviso may not even apply to sentences under the conspiracy statute. A violation of 15 U.S.C. § 78ff(a), for example, is not a "misdemeanor only" since the crime is punishable by more than one year imprisonment. Secondly, the "no

knowledge" proviso only modifies the felony penalty if the defendant is "subject to imprisonment *under this section* for the violation of any rule or regulation" (emphasis added). In the case at bar, Anderson is being sentenced under 18 U.S.C. § 371 and not 15 U.S.C. § 78ff(a).

3. See, 18 U.S.C. § 1, *supra,* n. 1.

specific rules which were violated. The "no knowledge" proviso was not intended to permit one who knowingly conspires to violate the general standard of conduct set forth in 15 U.S.C. § 78q(a) to claim protection on the ground that he did not have knowledge of some specific rule or requirement promulgated thereunder. Such an interpretation would go well beyond what Congress intended when it inserted the "no knowledge" proviso and would be wholly inconsistent with the substantive law of conspiracy, which makes one co-conspirator liable for acts committed by other co-conspirators done in furtherance of the conspiracy, *Pinkerton* v. *United States* (1946) 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489.

As we have now made clear, we deem it immaterial whether or not Anderson was aware of the existence of the particular rule which required the filing of any particular record or document found to have been false. We may observe, however, that if this conclusion should be found erroneous, we would find no persuasive reason for disbelieving Anderson's testimony that he had been unaware of the specific requirements of 17 C.F.R. § 240.17a–3, 4, and 5. Indeed, the verdict of acquittal on the substantive count may have been based on the jury's acceptance—at least to the extent of creating a reasonable doubt—of Anderson's testimony in this general regard. The charge on this count required a specific finding that the particular false filing had been within Anderson's "reasonable contemplation."[4]

Accordingly, Anderson's motion to set aside the sentence of imprisonment is denied. Final judgment will enter within five days. The execution of sentence will be stayed pending appeal.

So ordered.

---

4. The charge given on the substantive count was more favorable to Anderson than the charge specifically approved in *Pinkerton* v. *United States* (1946) 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489. It comports to, what in our view, is the practice of this Circuit. Cf. *Pinkerton*, 328 U.S. at 647–648, 66 S.Ct. 1180.