# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3019

_____

United States of America,          *

                                 *

          Appellee,       *

                               *   Appeal from the United States

     v.                  *   District Court for the

                               *   District of Minnesota.

Jacquelynne Joy Sutton,     *

                               *

          Appellant.     *

_____

Submitted: May 10, 2010
Filed: November 22, 2010

_____

Before WOLLMAN, SMITH, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Jacquelynne Joy Sutton was convicted of possession with intent to distribute cocaine base. The district court[1] sentenced her to 120 months' imprisonment, which is the statutory minimum sentence under 21 U.S.C. § 841(b)(1)(B). Sutton appeals, asserting that the district court failed to recognize its authority to sentence her below the statutory minimum. We affirm.

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

I.

According to portions of the presentence investigation report to which there was no objection, Sutton contacted an informant on October 21, 2007, for the purpose of selling cocaine base. Sutton arranged a meeting at which the informant was to purchase 4.5 ounces of cocaine base for $3100. Law enforcement agents conducting surveillance observed Sutton in a parked vehicle near where she planned to meet the informant. Sutton departed the area, but police followed and arrested her.

Sutton admitted during a police interview that she sold multiple ounces of cocaine powder or cocaine base on a regular basis, and that she had cocaine base in her possession for sale to the informant. Law enforcement officers seized 123.49 grams of cocaine base that Sutton had hidden on her person.

On September 15, 2008, a grand jury indicted Sutton for possession with intent to distribute the 123.49 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Section 841(b) prescribes that a defendant convicted of possession with intent to distribute 50 grams or more of cocaine base "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life." 21 U.S.C. § 841(b)(1)(A). Pursuant to an agreement with the government in which Sutton acknowledged that she was subject to a mandatory minimum sentence, Sutton pleaded guilty to the charged offense. The plea agreement left open the possibility that the government would move for a reduction in sentence based on substantial assistance.

At sentencing, the government did not move to reduce the sentence, and Sutton did not contend that she was entitled to a reduction. In calculating the advisory sentencing guideline range, the district court found that Sutton's total offense level under the advisory guidelines was 27, and her criminal history category was III. Ordinarily, the advisory sentencing range in those circumstances is 87 to 108 months'

imprisonment, but the statutory minimum sentence applicable to Sutton's offense dictated that the guideline sentence was 120 months' imprisonment. *See* USSG § 5G1.1(b). Sutton requested a sentence below the statutory mandatory minimum because of her family responsibilities, history of mental problems, and good behavior while on pretrial release. The court sentenced Sutton to 120 months' imprisonment, stating that "[t]here's no reason to go higher" than the mandatory minimum, and that the 120-month term required by statute was "appropriate" in light of Sutton's offense, significant criminal history, and need for rehabilitation.

II.

Sutton contends that the district court erred by not sentencing her below the minimum required by statute. She argues that the mandatory minimum sentencing provisions of 21 U.S.C. § 841(b) conflict with the "parsimony clause" of 18 U.S.C. § 3553(a), which states that the district court "shall impose a sentence sufficient, but not greater than necessary to comply with the specific purposes set forth" in § 3553(a)(2). Sutton suggests that 120 months' imprisonment is "greater than necessary" for largely the same reasons that she presented to the district court. This court reviews issues of statutory interpretation *de novo. United States v. Barraza*, 576 F.3d 798, 806 (8th Cir. 2009).

We conclude that the district court did not err by sentencing Sutton to the minimum term of imprisonment required by 21 U.S.C. § 841(b). The Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which declared the sentencing guidelines effectively advisory and directed the courts to fashion sentences in accordance with § 3553(a), "does not expand the district court's authority to impose a sentence below a statutory minimum." *United States v. Williams*, 474 F.3d 1130, 1131 (8th Cir. 2007). Sutton does not challenge the government's refusal to move for a sentence below the statutory minimum under 18 U.S.C. § 3553(e), and Sutton does not contend that she qualifies for a safety-valve sentence reduction under § 3553(f).

Those subsections authorize the district court to sentence a defendant below a statutory minimum in certain circumstances. Because neither § 3553(e) nor § 3553(f) applied, the district court lacked authority to sentence Sutton below the statutory minimum term. *United States v. Chacon*, 330 F.3d 1065, 1066 (8th Cir. 2003).

Sutton places much weight on the word "shall" in 18 U.S.C. § 3553(a), and suggests that this mandatory language means that § 3553(a) must prevail over any "conflicting language" in 21 U.S.C. § 841(b). Even accepting the premise that there is potential "conflict" between the statutes, the ordinary rule is that where tension exists between a specific statute and a more general statute, the specific statute governs. *Edmond v. United States*, 520 U.S. 651, 657 (1997). Section 841(b) specifically provides mandatory minimum and maximum penalties applicable to defendants convicted of the offenses described in § 841(a). Section 3553(a), by contrast, is a "very general statute [that] cannot be understood to authorize courts to sentence below minimums specifically prescribed by Congress." *United States v. Roberson*, 474 F.3d 432, 436 (7th Cir. 2007); *see also United States v. Samas*, 561 F.3d 108, 110-11 (2d Cir.), *cert. denied*, 130 S. Ct. 184 (2009); *United States v. Franklin*, 499 F.3d 578, 585-86 (6th Cir. 2007).

In this case, moreover, the general statute, § 3553(a), is clear that it does not authorize the district court to vary from a mandatory sentence established by § 841(b). The provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551 *et seq.*, including § 3553(a), apply "[e]xcept as otherwise specifically provided." 18 U.S.C. § 3551(a). Congress has "otherwise specifically provided" in 21 U.S.C. § 841(b)(1)(A) that the sentence for Sutton's offense must fall between 120 months' and life imprisonment. The factors set forth in § 3553(a) must be considered only for the purpose of deciding where the court should sentence within the statutory range. *See United States v. Cirilo-Muñoz*, 582 F.3d 54, 55 (1st Cir. 2009) ("Courts have uniformly rejected the claim that § 3553(a)'s 'no greater than necessary' language authorizes a district court to sentence below the statutory minimum."), *cert. denied*, 130 S. Ct. 1103 (2010).

-4-

\*    \*    \*

The judgment of the district court is affirmed.

_____