# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

―――――――――

No. 10-2607

―――――――――

United States of America,      *
     *

         Appellant,      *

     *    Appeal from the United States

     v.      *    District Court for the

     *    District of Minnesota.

Esteban Ambriz Mendoza,      *

     *    [UNPUBLISHED]

         Appellee.      *

―――――――――

Submitted: February 18, 2011
Filed: April 4, 2011

―――――――――

Before WOLLMAN and BYE, Circuit Judges, and FLEISSIG,[1] District Judge.

―――――――――

PER CURIAM.

Esteban Ambriz Mendoza pleaded guilty to distributing 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Under § 841(b)(1)(A), Mendoza was subject to a mandatory minimum sentence of 120 months. Applying the safety-valve and the parsimony clause provisions of 18 U.S.C. § 3553, the district court sentenced Mendoza to ninety-six months' imprisonment. The government appeals, arguing that the district court erred in applying the safety-valve provision and thus was without

―――――――――

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri, sitting by designation.

the authority to impose a sentence below the statutory mandatory minimum. We agree, and thus we vacate the sentence and remand for resentencing.

Following the entry of Mendoza's plea, the district court ordered that a presentence investigation report (PSR) be prepared. The PSR assessed two criminal history points for two driving while intoxicated convictions. It concluded that Mendoza's total offense level was 33 and his criminal history category was II, resulting in a sentencing range of 151 to 188 months' imprisonment under the U.S. Sentencing Guidelines. Mendoza did not object to the assessment of two criminal history points or to the PSR's sentencing calculation. Mendoza argued, however, that the statutory mandatory minimum sentence was arbitrary and violated the parsimony clause of § 3553(a), which states that a district court "shall impose a sentence sufficient, but not greater than necessary to comply" with the statute's sentencing objectives.

The district court adopted the PSR's findings of fact, but determined that Mendoza's criminal history was overstated. It reduced Mendoza's criminal history category to I, finding that the driving while intoxicated convictions were unrelated to the current distribution charge. It also reduced Mendoza's offense level by two and calculated Mendoza's advisory sentencing range to be 108 to 135 months' imprisonment. The district court applied the § 3553(f) safety-valve and sentenced Mendoza to ninety-six months' imprisonment, a sentence below the statutory mandatory minimum.

We review *de novo* a district court's interpretation of the Guidelines and the district court's application of the Guidelines to the facts for clear error. United States v. Rutherford, 599 F.3d 817, 820 (8th Cir. 2010) (citation omitted). Section 3553(f) allows a district court to sentence a defendant below the statutory mandatory minimum if certain conditions are met. To be eligible for safety-valve relief, the defendant must not have more than one criminal history point. § 3553(f)(1). Because

he concedes that he had more than one criminal history point, Mendoza was ineligible for safety-valve relief, and thus the district court erred in applying § 3553(f) to impose a sentence below the mandatory minimum.

Although he argued in his brief that the ninety-six month sentence was "sufficient, but not greater than necessary" to meet the statute's sentencing objectives, see § 3553(a), and that § 3553(a) authorized the district court to impose a sentence below the statutory mandatory minimum, Mendoza now concedes that that argument is foreclosed by our opinion in United States v. Sutton, 625 F.3d 526, 529 (8th Cir. 2010), which held that § 3553(a) does not authorize a district court to sentence below the mandatory minimum sentence established by 21 U.S.C. § 841(b).

The sentence is vacated, and the case is remanded for resentencing.

_____