# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2798

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Kevin L. Wallace, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 6, 2011
Filed: May 11, 2011

_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Kevin Wallace pleaded guilty to conspiring to distribute and to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846. The district court[1] imposed the mandatory minimum sentence of 120 months in prison. On appeal, Wallace's counsel seeks leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging Wallace's sentence. Wallace has filed a supplemental brief raising numerous challenges to his conviction and sentence, and has moved for appointment of new counsel and to stay this appeal pending the United

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

States Supreme Court's decision in <u>DePierre v. United States</u>, 131 S. Ct. 458 (Oct. 12, 2010).

After careful review, we conclude that Wallace agreed to waive his right to challenge his conviction on appeal. We also conclude the waiver is enforceable because (1) Wallace's plea hearing testimony shows that his plea was voluntary and that he understood the charge, the potential sentence, and the terms of the plea agreement, including the appeal waiver; and (2) enforcing the waiver will not result in a miscarriage of justice. <u>See</u> <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977) (solemn declarations in open court carry strong presumption of verity); <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (criteria for enforcing appeal waiver); <u>see also</u> <u>United States v. Estrada-Bahena</u>, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in <u>Anders</u> case). To the extent the appeal waiver does not cover Wallace's challenges to his sentence, we conclude the arguments fail because the district court lacked discretion to impose a sentence below the statutory minimum. <u>See</u> 18 U.S.C. § 3553(e), (f) (court's authority to impose sentence below statutory minimum); <u>United States v. Sutton</u>, 625 F.3d 526, 528-29 (8th Cir. 2010) (in appeal challenging 120-month sentence upon conviction for possession with intent to distribute cocaine base, concluding that district court lacked authority to sentence defendant below statutory minimum because neither § 3553(e) nor § 3553(f) applied).

We have reviewed the record independently pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), and have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, we deny Wallace's motions, and we affirm the district court's judgment.

_____