**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-5024**

———————————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

LIONEL HOLLOWAY,

               Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:09-cr-00363-WDQ-1)

———————————

Submitted: May 4, 2011               Decided: May 25, 2011

———————————

Before NIEMEYER, KING, and DIAZ, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

James Wyda, Federal Public Defender, Joanna Silver, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, John W. Sippel, Jr., Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lionel Holloway appeals the fifteen year sentence imposed by the district court upon his plea of guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2006). The Armed Career Criminal Act mandated a sentence of at least fifteen years because Holloway had three previous convictions for serious drug offenses. 18 U.S.C. § 924(e)(1) (2006). We affirm.

Holloway asserts a conflict between mandatory minimum sentences and the general sentencing statute, 18 U.S.C. § 3553(a) (2006). Section 3553(a) requires a court to "impose a sentence sufficient, but not greater than necessary" to achieve the enumerated purposes of sentencing. Holloway argues that a fifteen year sentence is greater than necessary to accomplish those purposes in his case, and thus the district court violated § 3553(a) in imposing the minimum sentence required by 18 U.S.C. § 924(e)(1).

The Sentencing Reform Act, of which § 3553(a) is a part, dictates that a defendant should be sentenced in accordance with its provisions to achieve the purposes of § 3553(a)(2) "[e]xcept as otherwise specifically provided." 18 U.S.C. § 3551(a) (2006). Courts have opined that mandatory minimum sentences are "otherwise specifically provided" and thus do not conflict with § 3553(a)'s parsimony clause. See United

States v. Sutton, 625 F.3d 526, 529 (8th Cir. 2010); United States v. Kellum, 356 F.3d 285, 289 (3d Cir. 2004). Other courts, while not directly ruling on the alleged tension, have similarly rejected arguments that § 3553(a) authorizes deviation from statutorily-mandated sentences. United States v. Cirilo-Muñoz, 582 F.3d 54, 55 (1st Cir. 2009) (per curiam), cert. denied, 130 S. Ct. 1103 (2010); United States v. Franklin, 499 F.3d 578, 585-86 (6th Cir. 2007); United States v. Roberson, 474 F.3d 432, 436-37 (7th Cir. 2007). In addressing a related issue, we have stated that "a district court has no discretion to impose a sentence outside of the statutory range established by Congress for the offense of conviction." United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005). We see little need to expound further on this concept.

Holloway also claims procedural and substantive unreasonableness with his sentence. We review a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to inspect for procedural reasonableness by ensuring that the district court committed no significant procedural errors, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) factors, or failing to adequately explain the sentence. United States v. Boulware, 604 F.3d 832, 837-38 (4th Cir. 2010). We then consider the

3

substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. On appellate review, a sentence within a properly-calculated Guidelines range is presumptively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Holloway complains that the district court did not explain its rationale for the sentence in adequate depth. After properly calculating the Guidelines sentence, the sentencing court recounted specific aspects of Holloway's circumstances, including his employment history, witness testimony in his support, and the length of time since his last conviction. The court set forth a sufficiently developed rationale to support Holloway's sentence. Moreover, a sentence at the minimum term prescribed by law is per se reasonable. United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008). Thus, Holloway's unreasonableness arguments fail.

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED