# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 10-3505

—————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Bryan S. Behrens, | * | |
| | * | |
| Appellant. | * | |

—————

Submitted: June 17, 2011
Filed: July 13, 2011

—————

Before RILEY, Chief Judge, GRUENDER, Circuit Judge, and LIMBAUGH,[1] District Judge.

—————

GRUENDER, Circuit Judge.

A federal grand jury returned an indictment charging Bryan Behrens with one count of securities fraud, six counts of mail fraud, five counts of wire fraud, and nine counts of money laundering. Behrens initially entered a plea of not guilty but later pled guilty, pursuant to a plea agreement, to one count of securities fraud, alleged in the indictment to be a violation of 15 U.S.C. § 78j(b), 78ff, and 17 C.F.R. § 240.10(b)-5 ("Rule 10b-5").

———————————

[1] The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri, sitting by designation.

At his sentencing hearing, Behrens asserted the "no-knowledge" provision of § 78ff(a), which states that "no person shall be subject to imprisonment under this section *for the violation of any rule or regulation* if he proves that he had *no knowledge of such rule or regulation.*" (emphases added). "This provision is an affirmative defense to a sentence of imprisonment, and the burden to prove the defense is on the defendant." *United States v. Reyes*, 577 F.3d 1069, 1079 (9th Cir. 2009) (citing *United States v. O'Hagan*, 521 U.S. 642, 677 n.23 (1997)). The district court, however, held as a matter of law that Behrens was "not entitled to the protection of [§ 78ff(a)]" because Behrens pled guilty to a statutory offense and "the no knowledge provision [is] inapplicable to people convicted of violating criminal securities laws." The district court sentenced Behrens to 60 months' imprisonment and ordered him to pay $6,841,921.90 in restitution.

On appeal, Behrens argues that the district court erred when it held that he could not assert the no-knowledge defense at sentencing. We review a district court's interpretation of a statute *de novo*. *United States v. Sutton*, 625 F.3d 526, 528 (8th Cir. 2010). "As with any question of statutory interpretation, our analysis begins with the plain language of the statute." *United States v. Jeanpierre*, 636 F.3d 416, 425 (8th Cir. 2011) (quoting *Jimenez v. Quarterman*, 555 U.S. ---, 129 S. Ct. 681, 686 (2009)). "[I]f the intent of Congress can be clearly discerned from the statute's language, the judicial inquiry must end." *United States v. McAllister*, 225 F.3d 982, 986 (8th Cir. 2000) (quoting *United States v. S.A.*, 129 F.3d 995, 998 (8th Cir. 1997)).

We agree with Behrens that the district court erred when it determined that his guilty plea to a violation § 78j(b) prevented him from asserting the no-knowledge defense. Section 78j provides:

> It shall be unlawful for any person, directly or indirectly, by the use of
> any means or instrumentality of interstate commerce or of the mails, or
> of any facility of any national securities exchange—

* * *

(b)  To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, or any securities-based swap agreement (as defined in section 206B of the Gramm-Leach-Bliley Act [15 U.S.C. § 78c]), any manipulative or deceptive device or contrivance *in contravention of such rules and regulations as the Commission may prescribe* as necessary or appropriate in the public interest or for the protection of investors.

(emphasis added).  The plain language of the statute is clear: § 78j(b) makes the violation of a Securities and Exchange Commission ("SEC") rule or regulation an element of the offense.  To violate the statute, Behrens must have violated an SEC rule or regulation.  *See* § 78j(b); *see also O'Hagan*, 521 U.S. at 651 ("The statute thus proscribes (1) using any deceptive device (2) in connection with the purchase or sale of securities, in contravention of rules prescribed by the Commission.").  Hence, the district court sentenced Behrens to a term of imprisonment for violating a rule or regulation of which he claimed no knowledge.  *See* § 78ff(a).

Importantly, the Supreme Court in *O'Hagan* endorsed the position that the no-knowledge defense is available to violators of § 78j(b).  In that case, the Government charged O'Hagan with ten counts of securities fraud, each in violation of § 78j(b) and Rule 10b-5.  The Supreme Court reversed the decision of our court vacating O'Hagan's conviction and validated the "misappropriation theory" of securities fraud under Rule 10b-5 as within the conduct criminalized by § 78j(b).[2]  *See O'Hagan*, 521 U.S. at 651-52.  The Court went on to emphasize that:

---

[2] "The 'misappropriation theory' holds that a person commits fraud 'in connection with' a securities transaction, and thereby violates § 10(b) and Rule 10b-5, when he misappropriates confidential information for securities trading purposes, in breach of a duty owed to the source of the information."  *O'Hagan*, 521 U.S. at 652.

> Vital to our decision that criminal liability may be sustained under the misappropriation theory, we emphasize, are two sturdy safeguards Congress has provided regarding scienter. To establish a criminal violation of Rule 10b-5, the Government must prove that a person 'willfully' violated the provision. See 15 U.S.C. § 78ff(a). Furthermore, *a defendant may not be imprisoned for violating Rule 10b-5 if he proves that he had no knowledge of the rule*. See *ibid*.

*Id*. at 665-66 (emphasis added and footnote omitted). If the no-knowledge defense is one of "two sturdy safeguards" available to O'Hagan, and if O'Hagan—like Behrens—was charged with violating both § 78j(b) and Rule 10b-5, then the no-knowledge safeguard must be available to Behrens. *See id.* On remand from the Supreme Court, our court concluded that O'Hagan's sentence could include a term of imprisonment. *United States v. O'Hagan*, 139 F.3d 641, 647 (8th Cir. 1998). However, we reached this conclusion not because O'Hagan's conviction under § 78j(b) precluded him from asserting the no-knowledge defense, but because O'Hagan offered no proof with respect to the no-knowledge defense at trial or at sentencing. *Id.*

Likewise, in *Reyes*, the Ninth Circuit confronted a case in which defendant Jensen was accused of "falsifying and aiding and abetting the falsification of books, records, and accounts" in violation of a statute, 15 U.S.C. § 78m(b)(2)(A), and an underlying SEC rule, 17 C.F.R. § 240.13b2-1. *Reyes*, 577 F.3d at 1074. Even though Jensen was convicted of violating a statute and a rule or regulation, the Ninth Circuit stated that "[t]he district court framed the question as 'whether Jensen has satisfied her burden of proving by a preponderance that she was unaware of a SEC rule or regulation prohibiting the falsification of books and records.' This was the proper formulation." *Id.* (citation omitted). While the court in *Reyes* affirmed the district court's denial of Jensen's assertion of no knowledge of Rule 13b2-1, it did so on the merits and did not hold categorically that Jensen could not have asserted the no-knowledge defense because she was convicted of violating a statute.

In the instant case, both the Government and the district court heavily relied on *United States v. Knueppel*, 293 F. Supp. 2d 199 (E.D.N.Y. 2003), as persuasive authority. In *Knueppel*, four defendants pled guilty to violating § 78j(b) and Rule 10b-5, and three of the defendants attempted to assert the no-knowledge defense to a sentence of imprisonment. The court found the no-knowledge defense inapplicable and endorsed the view that "Congress did not intend [for] the protection of the 'no knowledge' clause [to] extend to persons who were charged with knowing their conduct to be in violation of law." *Id.* at 204 (quoting *United States v. Sloan*, 399 F. Supp. 982, 984 (S.D.N.Y 1975)). The court also limited the applicability of the no-knowledge provision to defendants convicted of "mere technical violation[s] of an SEC rule or regulation." *Id.* (citing *Sloan*, 399 F. Supp. at 984).

We find no support in the text of the statute for either of these assertions. *See* § 78ff(a). The court in *Knueppel* relied on two other district court opinions, *Sloan* and *United States v. Lilley*, 291 F. Supp. 989 (S.D. Tex. 1968). Those opinions, in turn, place great weight on various portions of legislative history of the Securities Exchange Act of 1934. *Sloan*, 399 F. Supp. at 984; *Lilley*, 291 F. Supp. at 992-93. However, we find this approach unpersuasive in light of the unambiguous plain language of § 78j(b), which requires the violation of a rule or regulation in order to establish a violation of the statutory provision, and § 78ff(a), which draws no distinction for mere technical violations of a rule or regulation. This court has made it clear that "we will not look beyond the text of the statute if its plain language is unambiguous." *United States v. Mendoza-Gonzalez*, 520 F.3d 912, 916 (8th Cir. 2008), *vacated on other grounds by* --- U.S. ---, 129 S. Ct. 2377 (2009). Therefore, we find *Knueppel* unconvincing.

Thus, we conclude that Behrens is entitled to assert the no-knowledge defense to imprisonment at sentencing. The Government argues that even if Behrens could have asserted the no-knowledge defense, we may still affirm Behrens' sentence because he failed to show by a preponderance of the evidence that he had no

knowledge of Rule 10b-5. However, the district court determined as a matter of law that Behrens could not assert the no-knowledge defense and did not reach the question whether he has met his burden of showing no knowledge. As such, we leave this question for consideration by the district court in the first instance. *See United States v. Willett,* 623 F.3d 546, 549 (8th Cir. 2010).

For the foregoing reasons, we vacate Behrens' sentence and remand the case to the district court for further proceedings not inconsistent with this opinion.

_____