**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 10-5321**

—————————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

ANTONIO HOLTON,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Richard D. Bennett, District Judge. (1:08-cr-00553-RDB-1)

—————————

Submitted:  March 6, 2012        Decided:  March 16, 2012

—————————

Before MOTZ, KING, and DUNCAN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

James Wyda, Federal Public Defender, LaKeytria W. Felder, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Traci L. Robinson, Special Assistant United States Attorney, Baltimore, Maryland, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Holton appeals from his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2006), and his resulting 288-month sentence, entered pursuant to a jury verdict. On appeal, Holton asserts that admission of statistical Crime Lab evidence violated his rights under the Confrontation Clause and that subjecting him to a mandatory statutory minimum sentence improperly limited the sentencing discretion of the district court. We affirm.

First, we find it unnecessary to address whether a Confrontation Clause error existed because, in this case, any error was harmless. Constitutional trial errors are harmless only if the reviewing court is "able to declare a belief that [the error] was harmless beyond a reasonable doubt." Chapman v. California, 386 U.S. 18, 24 (1967). When the error involves wrongly admitted evidence, "the impact of the error can be evaluated in light of the other evidence which was properly admitted." United States v. Blevins, 960 F.2d 1252, 1262 (4th Cir. 1992). To determine whether the admission of the statistics was harmless beyond a reasonable doubt, we review the entire trial record and determines whether "it is clear beyond a reasonable doubt that the jury would have returned [a guilty] verdict[]" even if the evidence had not been introduced. Id. at 1263. This determination requires a quantitative assessment of

2

the impact of the error measured against the other evidence presented and a qualitative assessment of the proof as to whether the erroneously admitted evidence was cumulative. Id. at 1262; Brown v. United States, 411 U.S. 223, 231 (1973).

The Crime Lab statistics were introduced to prove that the fact that no fingerprints were found on the firearm at issue or the recovered firearm casing was not determinative of whether Holton possessed (and touched) the gun. However, there was overwhelming other evidence that Holton possessed the firearm and, in fact, other evidence that fingerprints on firearms are rare. Specifically, officers heard a shot fired near Poplar Green and then saw Holton running away from the area. A police officer testified that he saw Holton holding the firearm and discharging it, several other officers testified that a gun was found near where Holton collapsed, gunshot residue was found on Holton's hands, and the gun found near Holton had earlier discharged a bullet near Poplar Green. In addition, and most notably for these purposes, a latent fingerprint expert testified as to his own personal experience with fingerprint evidence. He explained numerous reasons why a fingerprint is not left even if someone touches an item, and he provided certain factors that would smear or wipe away fingerprints, even if they were left. In addition, he noted that, in processing firearm evidence, he would normally find a suitable print in

3

only five percent of cases and that he had never pulled a suitable print off an actual handgun. Moreover, he testified as to several reasons why the particular gun at issue would be found with no suitable prints on it. Finally, Holton cross-examined the expert exclusively and extensively on the disputed Crime Lab statistics,* pointing out to the jury that the expert was not familiar with the underlying factual bases for the statistics.

Based on the foregoing, we find that there is no reasonable probability that the evidence complained of contributed to the conviction. Given the evidence at trial, there was no reasonable doubt that firearm evidence is not conducive to fingerprints. The expert testimony on this subject (discounting the Crime Lab statistics) was detailed and unchallenged by Holton. Accordingly, any Confrontation Clause error was harmless.

Next, Holton argues that 18 U.S.C. § 924(e) (2006) conflicts with 18 U.S.C. § 3553(a) (2006) and that the latter statute trumps the former. Section 924(e)(1) requires a sentence of not less than fifteen years for a violation of 18 U.S.C. § 922(g) by a person with three or more previous

---

\* These statistics showed that, in 2008, the Crime Lab as a whole found prints on .3 percent of firearm-related evidence.

4

convictions of violent or serious drug offenses. Section 3553(a) sets forth factors for a sentencing court to consider and mandates that a court "impose a sentence sufficient, but not greater than necessary" to punish the offense, deter criminal conduct, protect the public from the defendant, and to provide the offender with training, medical care, and treatment. Holton claims that a fifteen-year sentence is greater than necessary to achieve those purposes in his case and, thus, § 924(e) requires the imposition of a sentence violative of § 3553(a).

The Government argues that 18 U.S.C. § 3551(a) (2006) modifies § 3553(a) so as to eliminate any conflict with mandatory minimum sentences. That section states:

> Except as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute . . . shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable in light of all the circumstances of the case.

Other courts have found that the "otherwise specifically provided" language of § 3551(a) includes mandatory minimum sentences and thus no conflict exists between § 3553(a) and statutorily-mandated sentences. See United States v. Sutton, 625 F.3d 526, 529 (8th Cir. 2010); United States v. Kellum, 356 F.3d 285, 289 (3d Cir. 2004) ("[T]he mandatory minimum sentences [the defendant] was exposed to pursuant to [statute] clearly fit

5

within the 'except as otherwise specifically provided' exclusion of § 3551(a)."). Based on the statutory language of § 3551(a), we conclude that Holton's claim is without merit.

Accordingly, we affirm Holton's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>