ALD-055                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2849
_____

LIONEL HOLLOWAY,
                                          Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-19-cv-00200)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 26, 2019

Before: MCKEE, SHWARTZ and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 10, 2020)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Lionel Holloway appeals from an order of the District Court denying his petition for writ of habeas corpus under 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm.

In 2009, Holloway pled guilty in the United States District Court for the District of Maryland to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to fifteen years in prison, having been designated as an armed career criminal based on three previous felony convictions for serious drug offenses. The United States Court of Appeals for the Fourth Circuit affirmed on direct appeal. United States v. Holloway, 431 F. App'x 233 (4th Cir. 2011). Holloway subsequently filed two 28 U.S.C. § 2255 motions, arguing that he no longer qualified as an armed career criminal in light of Johnson v. United States, 135 S. Ct. 2551 (2015), and that he received ineffective assistance of trial counsel. Both § 2255 motions were denied; the first as untimely and the second as an unauthorized successive motion that was nonetheless meritless. The Fourth Circuit also denied his application for authorization to file a successive § 2255 motion.

On February 5, 2019, Holloway filed this petition for writ of habeas corpus under 28 U.S.C. § 2241, in the United States District Court for the Middle District of Pennsylvania, again challenging his designation as an armed career criminal at sentencing, and claiming he received ineffective assistance of trial counsel. In response to a question on the petition form as to why a remedy under § 2255 was inadequate or ineffective, Holloway wrote: "Due to the nature of the argument; [sic] a motion pursuant to Section 2241 is a more appropriate vehicle." On June 26, 2019, the District Court

dismissed the § 2241 petition for lack of jurisdiction because Holloway had failed to show that relief under § 2255 would be inadequate or ineffective.[1]

Holloway appeals. We have jurisdiction under 28 U.S.C. § 1291.[2] Our Clerk advised the parties that we might act summarily to dispose of the appeal under Third Cir. L.A.R. 27.4 and I.O.P. 10.6.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit L.A.R. 27.4 and I.O.P. 10.6. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255(e) of title 28, also known as the "savings clause," provides, however, that an application for a writ of habeas corpus may proceed if "it . . . appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [a prisoner's] detention." 28 U.S.C. § 2255(e). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle v. United States ex rel. Miner, 290 F.3d

---

[1] On August 2, 2019, Holloway filed another § 2255 motion in the District of Maryland, again challenging his designation at sentencing as an armed career criminal in light of Supreme Court caselaw, and briefing was ordered.

[2] A certificate of appealability is not required to appeal from the denial of a § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

536, 539 (3d Cir. 2002) (per curiam). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

When a federal prisoner attacks the validity of his conviction, he may proceed under § 2241 only if (1) he asserts a colorable claim of actual innocence on the theory that "he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision," and (2) he is "otherwise barred from challenging the legality of the conviction under § 2255." Cordaro v. United States, 933 F.3d 232, 239 (3d Cir. 2019) (quoting Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017)).

Holloway may not resort to the § 2241 remedy. He raises a claim that can be brought in a second or successive § 2255 motion, provided that he meets the requirements under § 2255(h) for doing so.[3] The fact that the Fourth Circuit denied Holloway's request to file a successive § 2255 motion does not mean that § 2255 is inadequate or ineffective. See Cradle, 290 F.3d at 539. Accordingly, the District Court lacked jurisdiction over Holloway's § 2241 petition and properly dismissed the petition.

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Holloway's § 2241 petition for lack of jurisdiction.

---

[3] Indeed, Holloway has filed a § 2255 motion in the sentencing court and briefing has been ordered.

4